**ATLANTIC MUTUAL INSURANCE CO. as Subrogee of Stark Carpet Corp., Appellant,**

v.

**CROW DESIGN CENTERS and Crow Holdings Managers, L.L.P., Appellees.**

**No. 05–04–00303–CV.**

Court of Appeals of Texas, Dallas.

Nov. 15, 2004.

Caldwell Fletcher, Houston, for appellant.

Jeffery Mark Kershaw, R. Michael Perez, Chamblee & Ryan, P.C., Dallas, for appellees.

Before Justices WHITTINGTON, BRIDGES, and FRANCIS.

## OPINION

Opinion by Justice WHITTINGTON.

In a single issue, Atlantic Mutual Insurance Co. as subrogee of Stark Carpet Corp. appeals the summary judgment granted in favor of Crow Design Centers and Crow Holdings Managers, L.L.P. Appellees moved for summary judgment based upon a waiver of subrogation provision in a lease. Appellees offered no summary judgment proof, however, that they were parties to or in any way entitled to rely upon the provisions of the lease to bar appellant's claims. We therefore reverse the judgment of the trial court and remand the cause.

### BACKGROUND

On March 14, 1995, Stark Carpet Corporation entered into a lease agreement with the Decorative Center Building Partnership. Stark Carpet leased space in the Decorative Center of Dallas. Appellees are not parties to the lease. On August 11, 2001, an air-conditioning unit overflowed into the space Stark Carpet leased from the Decorative Center Building Partnership. Stark Carpet filed a claim for its losses with appellant, and appellant paid the claim. Appellant then sued appellees, alleging the damages were the result of appellees' negligence in maintaining the air conditioning system. Appellees moved for summary judgment, relying on a waiver of subrogation clause in the lease. The trial judge granted appellees' motion.

### DISCUSSION

For the first time on appeal, appellant challenges the summary judgment because "the record is devoid of any evidence" that appellees were in any way related to Decorative Center Building Partnership, the lessor under the lease. Appellant argues without this proof, appellees cannot rely on the waiver of subrogation provision in the lease between Decorative Center Building Partnership and Stark Carpet. We agree.

■ To enforce a provision of the lease, appellees were required to show they were parties to the lease or beneficiaries of it. *See MCI Telecomms. Corp. v. Texas Utils. Elec. Co.*, 995 S.W.2d 647, 651 (Tex.1999) (third party cannot enforce contract unless it "clearly appears" contracting parties intended to confer direct benefit on third party). A movant for summary judgment must establish it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). Even if the non-movant does not file a response and the motion for summary judgment is uncontroverted, the movant must still carry the burden of proof. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). When the movant does not meet its burden of proof, the burden does not shift to the non-movant. *Clear Creek*, 589 S.W.2d at 678. The non-movant needs no answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court in the movant's motion are insufficient as a matter of law to support summary judgment, as appellant argues here. *Clear Creek*, 589 S.W.2d at 678.

■ Appellees' motion for summary judgment was insufficient to establish appellees were entitled to judgment as a matter of law. There is no evidence in the record of appellees' relationship to the contracting parties, or that the contracting parties intended to benefit appellees in the contract. *See MCI Telecomms. Corp.*, 995 S.W.2d at 651; *see also Republic Nat'l Bank of Dallas v. Nat'l Bankers Life Ins. Co.*, 427 S.W.2d 76, 79–80 (Tex.Civ.App.-Dallas 1968, writ ref'd n.r.e.) (parties presumed to contract for themselves; contract will not be construed as having been made for benefit of third person unless it clearly

appears such was intention of contracting parties); *In re El Paso Refinery, L.P.*, 302 F.3d 343, 353–54 (5th Cir.2002) (applying Texas law) (non-party to contract could not defend against contribution claims for environmental cleanup by relying on contract provision governing allocation of responsibility for environmental cleanup between other parties). Appellees did not meet their burden of proof. Summary judgment was improper.

Because appellees were not entitled to judgment as a matter of law, the judgment of the trial court is reversed and the cause is remanded.