COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-175-CV

 

 

ANNE BOENIG                                                                    APPELLANT

 

                                                   V.

 

STARNAIR, INC.                                                                    APPELLEE

 

                                              ------------

 

            FROM
THE 393RD DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.  Introduction








Appellant Anne Boenig appeals
from the trial court=s order
granting the motion for summary judgment of Appellee StarnAir, Inc.  The issue we address in this opinion is
whether a claimant is time-barred from joining in a lawsuit a person designated
as a responsible third party pursuant to civil practice and remedies code
section 33.004 when the claimant=s cause of action against the designated responsible third party is of
the type implicated by civil practice and remedies code section 16.009Ca statute of repose requiring that a suit for damages against a person
who furnished construction or repair of improvements to real property be
brought not later than ten years after the substantial completion of the
improvementCand the
ten-year deadline set forth in section 16.009(a) for asserting such a claim has
expired.  See Tex. Civ. Prac.
& Rem. Code Ann. ' 16.009(a),
(b) (Vernon 2002), ' 33.004(e)
(Vernon 2008).  Because we conclude that
the legislature did not intend that this particular claim be barred, we will
reverse and remand.

II.  Factual and Procedural Background

In September 1995, Pulte
Homes of Texas, L.P. substantially completed the construction of a residential
home located at 1112 Raleigh Drive, Lewisville, Texas.  Pulte had hired StarnAir as a subcontractor
to perform the heating, ventilation, and air conditioning installation for the
house.  StarnAir substantially completed
its portion of the work on the house in July 1995.








Boenig sued Pulte in November
2005 for injuries that she allegedly sustained whenCat the Raleigh Drive houseCshe fell through the attic floor and into the living room area on the
first floor.[1]  Boenig did not sue StarnAir at the time.  On July 19, 2007, Pulte filed a motion for
leave to designate StarnAir as a responsible third party.  On August 23, 2007, Boenig filed her fourth
amended petition, in which she joined StarnAir as a defendant.  The trial court later granted Pulte=s motion for leave to designate StarnAir as a responsible third party
on October 31, 2007.  StarnAir filed its
motion for summary judgment in February 2008, arguing that the ten-year repose
period set forth in civil practice and remedies code section 16.009 barred
Boenig from asserting against it a personal injury claim based on alleged
construction defects because twelve years had elapsed since StarnAir
substantially completed the house=s improvements.  The trial court
granted StarnAir=s motion for
summary judgment.

III.  Civil
Practice and Remedies Codes Sections 33.004(e) and 16.004(a)CBoenig=s Claim Not Barred

 








In her sole issue, Boenig
argues that the trial court erred by granting StarnAir=s motion for summary judgment. 
She contends that civil practice and remedies code section 33.004(e) is
an Aexception@ to civil
practice and remedies code section 16.009=s Alimitations
period,@ that the plain meaning of section 33.004 allows for joinder even if
the claims would otherwise be barred by limitations, and that the legislative
history of section 33.004 champions her interpretation in part because the
legislature=s 2003
amendments to the statute specifically repealed the limitations
restrictions.  According to Boenig=s construction of the relevant statutes, her claim against StarnAir is
not barred because she timely sued Pulte, who subsequently designated StarnAir
as a responsible third party.  Boenig
argues that under section 33.004(e), because she joined StarnAir within sixty
days after Pulte designated StarnAir, she is not barred by the repose period of
section 16.009(a) since section 33.004(e) is an Aexception@ to section
16.009=s Alimitations
period.@

StarnAir responds that
section 33.004(e) does not create an exception to the statute of repose in
section 16.009 and that the legislative history and the purpose of section
33.004(e) do not support the expansion of the term Alimitations@ to include
statutes of repose.  It contends that
section 33.004(e)=s saving
clause is inapplicable to section 16.009 because the express language of
section 33.004(e) addresses only Alimitations,@ not Astatutes of repose.@  Under its construction of the
relevant statutes, StarnAir argues that because it substantially completed its
portion of the work on the Raleigh Drive house in July 1995, any claim against
it must have been brought not later than July 2005, ten years later.  Consequently, according to StarnAir, because
Boenig failed to assert a claim against StarnAir within the prescribed ten-year
statute of repose, Boenig=s claims are
barred as a matter of law.

 

 








A.     Standard of Review

In a summary judgment case,
the issue on appeal is whether the movant met the summary judgment burden by
establishing that no genuine issue of material fact exists and that the movant
is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73 S.W.3d
211, 215 (Tex. 2002); City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 (Tex. 1979).  The burden
of proof is on the movant, and all doubts about the existence of a genuine
issue of material fact are resolved against the movant.  Sw. Elec. Power Co., 73 S.W.3d at
215.  When the movant does not meet its
burden of proof, the burden does not shift to the non-movant.  Atlantic Mut. Ins. Co. v. Crow Design
Ctrs., 148 S.W.3d 743, 744 (Tex. App.CDallas 2004, no pet.).  We take
as true all evidence favorable to the nonmovant, and we indulge every
reasonable inference and resolve any doubts in the nonmovant=s favor.  Valence Operating
Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).

B.     Rules of Statutory
Construction








Our resolution of this
specific issue, which presents a question of law that we review de novo,
involves application of well-established rules of statutory construction.  First Am. Title Ins. Co. v. Combs, 258
S.W.3d 627, 631 (Tex. 2008).  Our primary
objective in statutory construction is to give effect to the legislature=s intent.  State v. Shumake,
199 S.W.3d 279, 284 (Tex. 2006).  To
achieve this, Awe look
first and foremost to the words of the statute.@  Lexington Ins. Co. v.
Strayhorn, 209 S.W.3d 83, 85 (Tex. 2006). 
We construe the statute=s words according to their plain and common meaning, unless a contrary
intention is apparent from the context or unless such a construction leads to
absurd results.  City of Rockwall v.
Hughes, 246 S.W.3d 621, 625B26 (Tex. 2008); see also Tex. Gov=t Code Ann. ' 311.011(a)
(Vernon 2005) (AWords and
phrases shall be read in context and construed according to the rules of
grammar and common usage.@).  We also use definitions prescribed by the
legislature and any technical or particular meaning the words have
acquired.  Tex. Gov=t Code Ann. ' 311.011(b).  








Further, we must read the
statute as whole and not just isolated portions.  Tex. Dep=t of Transp. v. City of Sunset Valley, 146 S.W.3d 637, 642 (Tex. 2004); Nauslar v. Coors Brewing Co.,
170 S.W.3d 242, 253 (Tex. App.CDallas, no pet.) (stating, AWe determine legislative intent from the entire act and not just its
isolated portions.@).  It is a well-settled rule of statutory
construction that every word of a statute must be presumed to have been used
for a purpose.  Gray v. Nash, 259 S.W.3d
286, 291 (Tex. App.CFort Worth
2008, pet. denied).  Likewise, every word
excluded from a statute must also be presumed to have been excluded for a
purpose.  Id.  We are required to reconcile and harmonize
apparently conflicting statutory provisions, if it is reasonably possible, so
that every enactment may be given effect. 
Barfield v. City of La Porte, 849 S.W.2d 842, 845 (Tex. App.CTexarkana 1993), aff=d, 898 S.W.2d 288 (Tex. 1995).  We also consider the objective the law seeks
to obtain and the consequences of a particular construction.  Tex. Gov=t Code Ann. ' 311.023(1),
(5).  In enacting a statue, it is
presumed that a just and reasonable result is intended.  Id. ' 311.021(3).

C.     The Legislature Intended that Section

16.009(a) be Subject to Section 33.004(e)

 

Civil practice and remedies
code chapter 33, subchapter A sets forth Texas=s proportionate responsibility scheme. 
Tex. Civ. Prac. & Rem. Code Ann. '' 33.001B.004 (Vernon
2008).  Section 33.004 provides in part
that a defendant may seek to designate a person as a responsible third party by
filing a motion for leave to designate that person as a responsible third
party.  Id. ' 33.004(a).  Section
33.004(e) provides as follows:

If a
person is designated under this section as a responsible third party, a
claimant is not barred by limitations from seeking to join that person, even
though such joinder would otherwise be barred by limitations, if the
claimant seeks to join that person not later than 60 days after that person is
designated as a responsible third party.

 

Id. ' 33.004(e) (emphasis added).








Civil practice and remedies
code chapter 16, subchapter A sets forth statutes of limitations and
repose.  Id. '' 16.001B.012 (Vernon
2002).  Section 16.009 provides in part
(a) as follows:

A
claimant must bring suit for damages for a claim listed in Subsection
(b) against a person who constructs or repairs an improvement to real property not
later than 10 years after the substantial completion of the improvement in
an action arising out of a defective or unsafe condition of the real property
or a deficiency in the construction or repair of the improvement.  

 

Id. ' 16.009(a) (emphasis added). 
Section 16.009 applies to a suit for personal injury.  Id. ' 16.009(b)(2).  Section
16.009 has been identified by courts as a statute of repose.  See, e.g., Sonnier v.
Chisholm-Ryder Co., Inc., 909 S.W.2d 475, 476B77 (Tex. 1995); Fuentes v. Cont=l Conveyor & Equip. Co., Inc., 63
S.W.3d 518, 520 (Tex. App.CEastland 2001, pet. denied).

Utilizing the rules of
statutory construction set out above, we first examine the plain language of
sections 33.004(e) and 16.009(a).  There
is nothing specifically set forth in section 33.004(e) to indicate that it is
not applicable to section 16.009(a), and there is nothing specifically set
forth in section 16.009(a) to indicate that it is not subject to section
33.004(e).








Reading the statutes as a
whole, we now look to other relevant statutes for additional guidance.  Section 33.002 is part of the same subchapter
as section 33.004 and specifically states which claims the chapter applies to
and which claims the chapter does not apply to. 
Tex. Civ. Prac. & Rem. Code Ann. ' 33.002(a), (c).  Section
33.002(a) provides in part that the proportionate responsibility chapter applies
to Aany cause of action based on tort in which a defendant, settling
person, or responsible third party is found responsible for a percentage of the
harm for which relief is sought.@  Id. ' 33.002(a)(1).  Boenig
seeks to recover damages in tort from Pulte and StarnAir, among others, for
injuries that she allegedly sustained after falling through the attic floor and
into the living room at the 1112 Raleigh Drive house.[2]  In light of section 33.002(a), section
33.004(e) appears to be specifically applicable to Boenig=s claims against StarnAir.








Section 33.002(c) provides
that the proportionate responsibility chapter, including the designation of
responsible third party statute, does not apply to (1) an action to
collect workers=
compensation benefits under the workers= compensation laws of this state or actions against an employer for
exemplary damages arising out of the death of an employee, (2) a claim for
exemplary damages included in an action to which this chapter otherwise
applies,[3]
or (3) a cause of action for damages arising from the manufacture of
methamphetamine as described by chapter 99. 
Id. ' 33.002(c)
(emphasis added).  Boenig=s tort claims against StarnAir for injuries that she allegedly
sustained after falling through the attic floor are not specifically excluded
from the chapter=s
application by any of the classifications in section 33.002(c)(1)B(3).  In light of section
33.002(c), section 33.004(e) is not specifically inapplicable to Boenig=s claim against StarnAir.

The legislature specifically
designated only section 16.011 as a statute of repose.  Subsection (c) of section 16.011 states, AThis section is a statute of repose and is independent of any other
limitations period.@  Id. ' 16.011(c).  Section 16.009
contains no similar provision specifically identifying it as a statute of
repose that is Aindependent
of any other limitations period.@  Id. ' 16.009.








StarnAir contends that the
legislature=s exclusion
of the term Arepose@ from section 33.004(e) evidences its intent to distinguish between
statutes of repose and statutes of limitation, but the legislature used a
significant similar term in both section 33.004(e) and section 16.009:  Alimitation.@  So long as the joinder is timely, section
33.004(e) provides that a claimant is not barred by Alimitations@ from
seeking to join a person designated as a responsible third party, even though
the joinder would otherwise be barred by Alimitations.@  Id. ' 33.004(e).  Both section
16.009(c) and section 16.009(d) refer to the ten-year period set forth in
section 16.009(a) during which a claimant must bring suit for damages as a Alimitations period.@[4]  The legislature=s explicit designation of the ten-year period in section 16.009(a) as
a Alimitation@ period
lends support to the conclusion that the legislature intended section 16.009(a)
to be included within the purview of section 33.004(e)=s references to Alimitations@Cthe legislature used the same term in each statute, and there is
nothing in the statutes to indicate that the legislature intended the terms to
be construed differently.  See City of
Rockwall, 246 S.W.3d at 625B26; Strayhorn, 209 S.W.3d at 85 (providing that we construe the
statute=s words according to their plain and common meaning); Gray, 259
S.W.3d at 291.








Further, the legislature
included section 16.009 in chapter 16 among numerous other statutes of
limitations.  See Tex. Civ. Prac.
& Rem. Code Ann. '' 16.002,
16.003, 16.004, 16.045, 16.024, 16.025, 16.026, 16.027, & 16.028.  Examining and harmonizing the plain language
of the relevant statutes demonstrates that the legislature used the word Alimitations@ in section
33.004(e) for the purpose of referring to each of the Alimitations@ periods set
forth in chapter 16, including section 16.009. 
See Pochucha v. Galbraith Eng=g Consultants, Inc., 243
S.W.3d 138, 141 (Tex. App.CSan Antonio 2007, pet. granted) (AThus, other than the claims specifically excluded in section
33.002(c), we conclude the Legislature used the word >limitations= in section
33.004(e) for the purpose of referring to each of the >limitations= periods
listed in [CPRC] Chapter 16 . . . .@).








With the exception of its
argument that section 16.009(a) is a statute of repose and not a statute of
limitations, StarnAir does not explain whyCin the context of allowing a claimant to join a designated responsible
third party even though the joinder would otherwise be barred by limitationsCthe legislature intended to make a distinction between claims
involving persons furnishing construction or repair of improvements and claims
not involving persons furnishing construction or repair of improvements.  StarnAir=s construction is contrary to the presumption that the legislature
intended a just and reasonable result when enacting section 33.004(e) and
intending that it be applicable to section 16.009(a) because its construction
has the effect of adding an additional classification of claims under section
33.002(c) that the proportionate responsibility chapter does not apply to,
which would effectively impermissibly enlarge section 33.002(c).  Interpreting the limitations provisions of
section 33.004(e) to be applicable to section 16.009(a) avoids the likely
unintended consequence of rendering meaningless section 33.004(e)=s applicability to claims involving persons furnishing construction or
repair of improvements.








StarnAir states that the
responsible third party statute was Adesigned to reduce the likelihood that a defendant will be found
jointly and severally liable.@  It points out that Boenig=s Aarguments
fail to address the fact that even if the statute of repose prevents [Boenig]
from joining StarnAir as a party-defendant to the lawsuit, StarnAir will remain
designated as a responsible third party and therefore the jury will remain able
to apportion fault to StarnAir.@  This, according to StarnAir,
is Aprecisely the purpose of [s]ection 33.004(e).@  We disagree that this is Aprecisely@ the purpose
of section 33.004(e).  The purpose of
section 33.004(e) is to provide that a claimant is not barred by limitations
from seeking to join a responsible third party even though the joinder would
otherwise be barred by limitations. 
Implicit (or maybe explicit) in this limitations purpose is that a
claimant may seek to join in the underlying lawsuitCand thus assert a claim or claims againstCthe responsible third party, presumably in an effort to collect part
or all of any recovery from that joined party, because the filing or granting
of a motion for leave to designate a person as a responsible third party or a
finding of fault against the person does not by itself impose liability on the
person.  See Tex. Civ. Prac. &
Rem. Code Ann. ' 33.004(e),
(i)(1).  Thus, while the responsible
third party statute may have been Adesigned to reduce the likelihood that a defendant will be found
jointly and severally liable,@ section 33.004(e) nonetheless addresses the issue of limitations in
anticipation of a claimant=s attempted joinder of a responsible third party.

StarnAir argues that Boenig=s proposed construction of the relevant statutes Awould effectively abolish every statute of repose within Chapter 16@ of the civil practice and remedies code.  The argument is inaccurate as stated.  A claimant must still bring a suit for
damages under section 16.009 not later than ten years after the substantial
completion of the improvement.  StarnAir=s argument fails to recognize the distinction between a defendant who
has not previously been designated as a responsible third party and is timely
directly sued at some point during the ten-year Alimitations period@ and a defendant who has previously been designated as a responsible
third party and is subsequently joined in the suit at some point during or
after the Alimitations
period.@  













While we disagree with
StarnAir=s general Aabolishment@ argument, interpreting section 16.009(a) to be subject to section
33.004(e) would render meaningless section 33.004(e)=s ten-year repose period under one particular set of
circumstances:  a claimant could directly
sue beyond the ten-year repose period a party who did not construct or
repair improvements before joining a party who constructed or repaired
improvements and who had previously been designated as a responsible third
party by the directly sued defendant. 
This circumstance conflicts with the legislature=s intent that section 16.009 claims be brought during the ten-year
repose period, but the plain language of section 33.004(e) demonstrates that
the legislature seems to have recognizedCand acceptedCthis
circumstance (that otherwise time-barred claims can be asserted against a party
who had constructed or installed improvements and who had previously been
designated as a responsible third party). 
See Tex. Civ. Prac. & Rem. Code Ann. ' 33.004(e) (stating that a claimant is not barred by
limitations even though joinder would otherwise be barred by limitations);
see also Michael S. Hull et al., House Bill 4 and Proposition 12: An
Analysis with Legislative History, 36 Tex. Tech. L. Rev. 51, 99B100 (2005) (considering section 33.004(e) and stating, AThus, Chapter 33 has a mechanism for reviving claims that would have
been barred by limitations.  As long as
the statute of limitations has not run on one defendant, a plaintiff has an
opportunity to join any designated defendants within a sixty-day window from
the designation date, even though the statute of limitations has expired for
those defendants.@).  In other words, while the legislature
designates that particular actions be subject to a repose period to give
absolute protection to certain parties from the burden of indefinite potential
liability,[5]
it may alsoCas it did by
intending that section 16.004(a) be subject to section 33.004(e)Cidentify a particular circumstance where otherwise time-barred claims
can nonetheless be asserted.        Applying the rules of statutory
construction set out above, we hold that the legislature intended that section
16.004(a) be applicable to section 33.004(e)=s savings provision. 
Accordingly, we hold that the trial court erred by granting summary
judgment in favor of StarnAir.  We
sustain Boenig=s issue.

IV.  Conclusion

Having sustained Boenig=s sole issue, we reverse the trial court=s order granting final summary judgment in favor of StarnAir and
remand the case to the trial court.

 

DIXON W. HOLMAN

JUSTICE

 

PANEL: 
GARDNER and WALKER, JJ.; and DIXON W. HOLMAN, J. (Senior Justice,
Retired, Sitting by Assignment).








DELIVERED: February 19, 2009











[1]Whether
Boenig timely filed suit against Pulte is not at issue in this appeal.





[2]Boenig
asserted negligence, premises defect, and product liability claims against
StarnAir in her fourth amended petition.





[3]See
generally I-Gotcha, Inc. v. McInnis, 903 S.W.2d 829, 840 (Tex.
App.CFort
Worth 1995, writ denied) (stating that because comparative responsibility
applies to Dram Shop Act claims but not to a claim for punitive damages, amount
of punitive damages does not have to be reduced by the percentage
responsibility the jury attributed to the injured party).





[4]Section
16.009(c) provides, AIf a
claimant presents a written claim for damages, contribution, or indemnity to
the person performing or furnishing the construction or repair work during the
10-year limitations period, the period is extended for two years from
the date the claim is presented.@  Id. ' 16.009(c)
(emphasis added).  Section 16.009(d)
provides, AIf
the damage, injury, or death occurs during the 10th year of the limitations
period, the claimant may bring suit not later than two years after the day the
cause of action accrues.@  Id. ' 16.009(d)
(emphasis added).





[5]See Holubec
v. Brandenberger, 111 S.W.3d 32, 37 (Tex. 2003); Sonnier, 909 S.W.2d
at 489 (AThe
intent of a statute of repose is to provide some ending point for the assertion
of claims.@).  Section 16.009, which has been identified as
a statute of repose, though not specifically designated as such in the statute,
is no different.  Its purpose is to
protect someone who constructs or installs an improvement from facing
never-ending potential liability based on that work.  Reames v. Hawthorne-Seving, Inc., 949
S.W.2d 758, 761 (Tex. App.CDallas 1997, pet. denied).