

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-175-CV**

ANNE BOENIG                                                                    APPELLANT

V.

STARNAIR, INC.                                                                   APPELLEE

------------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

------------

## OPINION

------------

### I. INTRODUCTION

Appellant Anne Boenig appeals from the trial court's order granting the motion for summary judgment of Appellee StarnAir, Inc. The issue we address in this opinion is whether a claimant is time-barred from joining in a lawsuit a person designated as a responsible third party pursuant to civil practice and remedies code section 33.004 when the claimant's cause of action against the designated responsible third party is of the type implicated by civil practice and

remedies code section 16.009—a statute of repose requiring that a suit for damages against a person who furnished construction or repair of improvements to real property be brought not later than ten years after the substantial completion of the improvement—and the ten-year deadline set forth in section 16.009(a) for asserting such a claim has expired. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.009(a), (b) (Vernon 2002), § 33.004(e) (Vernon 2008). Because we conclude that the legislature did not intend that this particular claim be barred, we will reverse and remand.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

In September 1995, Pulte Homes of Texas, L.P. substantially completed the construction of a residential home located at 1112 Raleigh Drive, Lewisville, Texas. Pulte had hired StarnAir as a subcontractor to perform the heating, ventilation, and air conditioning installation for the house. StarnAir substantially completed its portion of the work on the house in July 1995.

Boenig sued Pulte in November 2005 for injuries that she allegedly sustained when—at the Raleigh Drive house—she fell through the attic floor and into the living room area on the first floor.[1] Boenig did not sue StarnAir at the time. On July 19, 2007, Pulte filed a motion for leave to designate StarnAir as

---

[1] Whether Boenig timely filed suit against Pulte is not at issue in this appeal.

2

a responsible third party. On August 23, 2007, Boenig filed her fourth amended petition, in which she joined StarnAir as a defendant. The trial court later granted Pulte's motion for leave to designate StarnAir as a responsible third party on October 31, 2007. StarnAir filed its motion for summary judgment in February 2008, arguing that the ten-year repose period set forth in civil practice and remedies code section 16.009 barred Boenig from asserting against it a personal injury claim based on alleged construction defects because twelve years had elapsed since StarnAir substantially completed the house's improvements. The trial court granted StarnAir's motion for summary judgment.

### III. CIVIL PRACTICE AND REMEDIES CODES SECTIONS 33.004(e) AND 16.004(a)—BOENIG'S CLAIM NOT BARRED

In her sole issue, Boenig argues that the trial court erred by granting StarnAir's motion for summary judgment. She contends that civil practice and remedies code section 33.004(e) is an "exception" to civil practice and remedies code section 16.009's "limitations period," that the plain meaning of section 33.004 allows for joinder even if the claims would otherwise be barred by limitations, and that the legislative history of section 33.004 champions her interpretation in part because the legislature's 2003 amendments to the statute specifically repealed the limitations restrictions. According to Boenig's

3

construction of the relevant statutes, her claim against StarnAir is not barred because she timely sued Pulte, who subsequently designated StarnAir as a responsible third party. Boenig argues that under section 33.004(e), because she joined StarnAir within sixty days after Pulte designated StarnAir, she is not barred by the repose period of section 16.009(a) since section 33.004(e) is an "exception" to section 16.009's "limitations period."

StarnAir responds that section 33.004(e) does not create an exception to the statute of repose in section 16.009 and that the legislative history and the purpose of section 33.004(e) do not support the expansion of the term "limitations" to include statutes of repose. It contends that section 33.004(e)'s saving clause is inapplicable to section 16.009 because the express language of section 33.004(e) addresses only "limitations," not "statutes of repose." Under its construction of the relevant statutes, StarnAir argues that because it substantially completed its portion of the work on the Raleigh Drive house in July 1995, any claim against it must have been brought not later than July 2005, ten years later. Consequently, according to StarnAir, because Boenig failed to assert a claim against StarnAir within the prescribed ten-year statute of repose, Boenig's claims are barred as a matter of law.

4

## A. Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Sw. Elec. Power Co.,* 73 S.W.3d at 215. When the movant does not meet its burden of proof, the burden does not shift to the non-movant. *Atlantic Mut. Ins. Co. v. Crow Design Ctrs.*, 148 S.W.3d 743, 744 (Tex. App.—Dallas 2004, no pet.). We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

## B. Rules of Statutory Construction

Our resolution of this specific issue, which presents a question of law that we review de novo, involves application of well-established rules of statutory construction. *First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631 (Tex. 2008). Our primary objective in statutory construction is to give effect to the

legislature's intent.  *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006).  To achieve this, "we look first and foremost to the words of the statute." *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006).  We construe the statute's words according to their plain and common meaning, unless a contrary intention is apparent from the context or unless such a construction leads to absurd results.  *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008); *see also* Tex. Gov't Code Ann. § 311.011(a) (Vernon 2005) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage.").  We also use definitions prescribed by the legislature and any technical or particular meaning the words have acquired.  Tex. Gov't Code Ann. § 311.011(b).

Further, we must read the statute as whole and not just isolated portions.  *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004); *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 253 (Tex. App.—Dallas, no pet.) (stating, "We determine legislative intent from the entire act and not just its isolated portions.").  It is a well-settled rule of statutory construction that every word of a statute must be presumed to have been used for a purpose.  *Gray v. Nash*, 259 S.W.3d 286, 291 (Tex. App.—Fort Worth 2008, pet. denied).  Likewise, every word excluded from a statute must also be presumed to have been excluded for a purpose.  *Id*.  We are required to

6

reconcile and harmonize apparently conflicting statutory provisions, if it is reasonably possible, so that every enactment may be given effect. *Barfield v. City of La Porte*, 849 S.W.2d 842, 845 (Tex. App.—Texarkana 1993), *aff'd*, 898 S.W.2d 288 (Tex. 1995). We also consider the objective the law seeks to obtain and the consequences of a particular construction. Tex. Gov't Code Ann. § 311.023(1), (5). In enacting a statue, it is presumed that a just and reasonable result is intended. *Id*. § 311.021(3).

**C. The Legislature Intended that Section 16.009(a) be Subject to Section 33.004(e)**

Civil practice and remedies code chapter 33, subchapter A sets forth Texas's proportionate responsibility scheme. Tex. Civ. Prac. & Rem. Code Ann. §§ 33.001–.004 (Vernon 2008). Section 33.004 provides in part that a defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. *Id*. § 33.004(a). Section 33.004(e) provides as follows:

> If a person is designated under this section as a responsible third party, *a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations*, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party.

*Id*. § 33.004(e) (emphasis added).

7

Civil practice and remedies code chapter 16, subchapter A sets forth statutes of limitations and repose. *Id*. §§ 16.001–.012 (Vernon 2002). Section 16.009 provides in part (a) as follows:

> A claimant *must bring suit* for damages for a claim listed in Subsection (b) against a person who constructs or repairs an improvement to real property *not later than 10 years after the substantial completion of the improvement* in an action arising out of a defective or unsafe condition of the real property or a deficiency in the construction or repair of the improvement.

*Id*. § 16.009(a) (emphasis added). Section 16.009 applies to a suit for personal injury. *Id*. § 16.009(b)(2). Section 16.009 has been identified by courts as a statute of repose. *See, e.g., Sonnier v. Chisholm-Ryder Co., Inc.*, 909 S.W.2d 475, 476–77 (Tex. 1995); *Fuentes v. Cont'l Conveyor & Equip. Co., Inc.*, 63 S.W.3d 518, 520 (Tex. App.—Eastland 2001, pet. denied).

Utilizing the rules of statutory construction set out above, we first examine the plain language of sections 33.004(e) and 16.009(a). There is nothing specifically set forth in section 33.004(e) to indicate that it is not applicable to section 16.009(a), and there is nothing specifically set forth in section 16.009(a) to indicate that it is not subject to section 33.004(e).

Reading the statutes as a whole, we now look to other relevant statutes for additional guidance. Section 33.002 is part of the same subchapter as section 33.004 and specifically states which claims the chapter applies to and

which claims the chapter does not apply to. Tex. Civ. Prac. & Rem. Code Ann. § 33.002(a), (c). Section 33.002(a) provides in part that the proportionate responsibility chapter *applies to* "any cause of action based on tort in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought." *Id*. § 33.002(a)(1). Boenig seeks to recover damages in tort from Pulte and StarnAir, among others, for injuries that she allegedly sustained after falling through the attic floor and into the living room at the 1112 Raleigh Drive house.[2] In light of section 33.002(a), section 33.004(e) appears to be specifically applicable to Boenig's claims against StarnAir.

Section 33.002(c) provides that the proportionate responsibility chapter, including the designation of responsible third party statute, *does not apply to* (1) an action to collect workers' compensation benefits under the workers' compensation laws of this state or actions against an employer for exemplary damages arising out of the death of an employee, (2) a claim for exemplary damages included in *an action to which this chapter otherwise applies*,[3] or (3)

---

[2] Boenig asserted negligence, premises defect, and product liability claims against StarnAir in her fourth amended petition.

[3] *See generally I-Gotcha, Inc. v. McInnis*, 903 S.W.2d 829, 840 (Tex. App.—Fort Worth 1995, writ denied) (stating that because comparative responsibility applies to Dram Shop Act claims but not to a claim for punitive damages, amount of punitive damages does not have to be reduced by the

a cause of action for damages arising from the manufacture of methamphetamine as described by chapter 99. *Id*. § 33.002(c) (emphasis added). Boenig's tort claims against StarnAir for injuries that she allegedly sustained after falling through the attic floor are not specifically excluded from the chapter's application by any of the classifications in section 33.002(c)(1)–(3). In light of section 33.002(c), section 33.004(e) is not specifically inapplicable to Boenig's claim against StarnAir.

The legislature specifically designated only section 16.011 as a statute of repose. Subsection (c) of section 16.011 states, "This section is a statute of repose and is independent of any other limitations period." *Id*. § 16.011(c). Section 16.009 contains no similar provision specifically identifying it as a statute of repose that is "independent of any other limitations period." *Id*. § 16.009.

StarnAir contends that the legislature's exclusion of the term "repose" from section 33.004(e) evidences its intent to distinguish between statutes of repose and statutes of limitation, but the legislature used a significant similar term in both section 33.004(e) and section 16.009: "limitation." So long as the joinder is timely, section 33.004(e) provides that a claimant is not barred

percentage responsibility the jury attributed to the injured party).

10

by "limitations" from seeking to join a person designated as a responsible third party, even though the joinder would otherwise be barred by "limitations." *Id.* § 33.004(e). Both section 16.009(c) and section 16.009(d) refer to the ten-year period set forth in section 16.009(a) during which a claimant must bring suit for damages as a "limitations period."[4] The legislature's explicit designation of the ten-year period in section 16.009(a) as a "limitation" period lends support to the conclusion that the legislature intended section 16.009(a) to be included within the purview of section 33.004(e)'s references to "limitations"—the legislature used the same term in each statute, and there is nothing in the statutes to indicate that the legislature intended the terms to be construed differently. *See City of Rockwall*, 246 S.W.3d at 625–26; *Strayhorn*, 209 S.W.3d at 85 (providing that we construe the statute's words according to their plain and common meaning); *Gray*, 259 S.W.3d at 291.

Further, the legislature included section 16.009 in chapter 16 among numerous other statutes of limitations. *See* Tex. Civ. Prac. & Rem. Code Ann.

---

[4] Section 16.009(c) provides, "If a claimant presents a written claim for damages, contribution, or indemnity to the person performing or furnishing the construction or repair work during the 10-year *limitations* period, the period is extended for two years from the date the claim is presented." *Id.* § 16.009(c) (emphasis added). Section 16.009(d) provides, "If the damage, injury, or death occurs during the 10th year of the *limitations* period, the claimant may bring suit not later than two years after the day the cause of action accrues." *Id.* § 16.009(d) (emphasis added).

11

§§ 16.002, 16.003, 16.004, 16.045, 16.024, 16.025, 16.026, 16.027, & 16.028. Examining and harmonizing the plain language of the relevant statutes demonstrates that the legislature used the word "limitations" in section 33.004(e) for the purpose of referring to each of the "limitations" periods set forth in chapter 16, including section 16.009. *See Pochucha v. Galbraith Eng'g Consultants, Inc.*, 243 S.W.3d 138, 141 (Tex. App.—San Antonio 2007, pet. granted) ("Thus, other than the claims specifically excluded in section 33.002(c), we conclude the Legislature used the word 'limitations' in section 33.004(e) for the purpose of referring to each of the 'limitations' periods listed in [CPRC] Chapter 16 . . . .").

With the exception of its argument that section 16.009(a) is a statute of repose and not a statute of limitations, StarnAir does not explain why—in the context of allowing a claimant to join a designated responsible third party even though the joinder would otherwise be barred by limitations—the legislature intended to make a distinction between claims involving persons furnishing construction or repair of improvements and claims not involving persons furnishing construction or repair of improvements. StarnAir's construction is contrary to the presumption that the legislature intended a just and reasonable result when enacting section 33.004(e) and intending that it be applicable to section 16.009(a) because its construction has the effect of adding an

12

additional classification of claims under section 33.002(c) that the proportionate responsibility chapter does not apply to, which would effectively impermissibly enlarge section 33.002(c). Interpreting the limitations provisions of section 33.004(e) to be applicable to section 16.009(a) avoids the likely unintended consequence of rendering meaningless section 33.004(e)'s applicability to claims involving persons furnishing construction or repair of improvements.

StarnAir states that the responsible third party statute was "designed to reduce the likelihood that a defendant will be found jointly and severally liable." It points out that Boenig's "arguments fail to address the fact that even if the statute of repose prevents [Boenig] from joining StarnAir as a party-defendant to the lawsuit, StarnAir will remain designated as a responsible third party and therefore the jury will remain able to apportion fault to StarnAir." This, according to StarnAir, is "precisely the purpose of [s]ection 33.004(e)." We disagree that this is "precisely" the purpose of section 33.004(e). The purpose of section 33.004(e) is to provide that a claimant is not barred by limitations from seeking to join a responsible third party even though the joinder would otherwise be barred by limitations. Implicit (or maybe explicit) in this limitations purpose is that a claimant may seek to join in the underlying lawsuit—and thus assert a claim or claims against—the responsible third party, presumably in an effort to collect part or all of any recovery from that joined party, because the

filing or granting of a motion for leave to designate a person as a responsible third party or a finding of fault against the person does not by itself impose liability on the person. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004(e), (i)(1). Thus, while the responsible third party statute may have been "designed to reduce the likelihood that a defendant will be found jointly and severally liable," section 33.004(e) nonetheless addresses the issue of limitations in anticipation of a claimant's attempted joinder of a responsible third party.

StarnAir argues that Boenig's proposed construction of the relevant statutes "would effectively abolish every statute of repose within Chapter 16" of the civil practice and remedies code. The argument is inaccurate as stated. A claimant must still bring a suit for damages under section 16.009 not later than ten years after the substantial completion of the improvement. StarnAir's argument fails to recognize the distinction between a defendant who has not previously been designated as a responsible third party and is timely directly sued at some point during the ten-year "limitations period" and a defendant who has previously been designated as a responsible third party and is subsequently joined in the suit at some point during or after the "limitations period."

While we disagree with StarnAir's general "abolishment" argument, interpreting section 16.009(a) to be subject to section 33.004(e) would render

14

meaningless section 33.004(e)'s ten-year repose period under one particular set of circumstances:  a claimant could directly sue beyond the ten-year repose period a party who *did not* construct or repair improvements before joining a party who constructed or repaired improvements and who had previously been designated as a responsible third party by the directly sued defendant.  This circumstance conflicts with the legislature's intent that section 16.009 claims be brought during the ten-year repose period, but the plain language of section 33.004(e) demonstrates that the legislature seems to have recognized—and accepted—this circumstance (that otherwise time-barred claims can be asserted against a party who had constructed or installed improvements and who had previously been designated as a responsible third party).  *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004(e) (stating that a claimant is *not barred by limitations* even though joinder *would otherwise be barred by limitations*); *see also* Michael S. Hull et al., *House Bill 4 and Proposition 12: An Analysis with Legislative History*, 36 Tex. Tech. L. Rev. 51, 99–100 (2005) (considering section 33.004(e) and stating, "Thus, Chapter 33 has a mechanism for reviving claims that would have been barred by limitations.  As long as the statute of limitations has not run on one defendant, a plaintiff has an opportunity to join any designated defendants within a sixty-day window from the designation date, even though the statute of limitations has expired for those defendants.").  In other words, while the legislature designates that particular actions be

15

subject to a repose period to give absolute protection to certain parties from the burden of indefinite potential liability,[5] it may also—as it did by intending that section 16.004(a) be subject to section 33.004(e)—identify a particular circumstance where otherwise time-barred claims can nonetheless be asserted.

Applying the rules of statutory construction set out above, we hold that the legislature intended that section 16.004(a) be applicable to section 33.004(e)'s savings provision.  Accordingly, we hold that the trial court erred by granting summary judgment in favor of StarnAir.  We sustain Boenig's issue.

## IV. CONCLUSION

Having sustained Boenig's sole issue, we reverse the trial court's order granting final summary judgment in favor of StarnAir and remand the case to the trial court.

DIXON W. HOLMAN
JUSTICE

PANEL:  GARDNER and WALKER, JJ.; and DIXON W. HOLMAN, J. (Senior Justice, Retired, Sitting by Assignment).

DELIVERED: February 19, 2009

---

[5] *See Holubec v. Brandenberger*, 111 S.W.3d 32, 37 (Tex. 2003); *Sonnier*, 909 S.W.2d at 489 ("The intent of a statute of repose is to provide some ending point for the assertion of claims.").  Section 16.009, which has been identified as a statute of repose, though not specifically designated as such in the statute, is no different.  Its purpose is to protect someone who constructs or installs an improvement from facing never-ending potential liability based on that work. *Reames v. Hawthorne-Seving, Inc.*, 949 S.W.2d 758, 761 (Tex. App.—Dallas 1997, pet. denied).