COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-413-CV

 

 

KAREN BAGHAEI D/B/A                                                        APPELLANT

ARKADIA AUTO SALES

 

                                                   V.

 

APPONE, INC.                                                                       APPELLEE

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

 

                                          I.  INTRODUCTION

Appellant Karen Baghaei d/b/a Arkadia Auto Sales
appeals from the trial court=s grant
of summary judgment in favor of Appellee AppOne, Inc.  In five issues, Baghaei argues that the trial
court improperly granted summary judgment. 
We will reverse and remand.








                          II.  FACTUAL AND PROCEDURAL BACKGROUND

Baghaei sells used cars.  AppOne is a Louisiana corporation that
facilitates the acquisition of vehicle financing for Baghaei=s
customers.  In June 2004, Baghaei and
AppOne (then known as Lazard Group, Inc. d/b/a Sterling Financial) entered into
a AUsed Car
Dealer Agreement@ in which AppOne agreed to
provide or arrange for financing to customers who purchase vehicles from
Baghaei.  Baghaei made numerous
representations and warranties in the 2004 Dealer Agreement, including that the
documents prepared by her for submission by AppOne to lenders were Afull,
true, accurate, genuine, [and] complete@; that
she Ahas
independently investigated and verified that all information provided in the
Credit File is full, true, accurate, correct, genuine and complete;@ and
that the ACustomer has legal capacity to
contract and to borrow; all signatures appearing in the Customer Obligation are
authorized and genuine.@ 
Should any of the representations or warranties be false, Baghaei agreed
to pay AppOne (upon demand) an amount equal to the sum of the outstanding
principal, fees, and financing charges. 
The 2004 Dealer Agreement also provided that AppOne had the unilateral
right to compel arbitration of certain disputes.  Baghaei executed a personal guarantee Aabsolutely
and unconditionally guarantee[ing]@ payment
of sums due to AppOne under the Dealer Agreement.








In March 2005, Baghaei submitted to AppOne
documents relating to the proposed sale of a 2004 vehicle by Baghaei to an
individual purporting to be Newel Sanders. 
The documents contained Sanders=s
personal information, were signed by Sanders, and included a copy of Sanders=s Texas
driver=s
license.  Hibernia National Bank (now
known as Capital One, N.A.) approved financing for the purchase of the vehicle,
and a retail installment contract and security agreement executed by Sanders
for the purchase of the vehicle were assigned to Hibernia, who loaned funds for
the purchase of the vehicle.

In April 2006, Baghaei and AppOne entered into a
new AUsed Car
Dealer Agreement.@ 
With only a few exceptions, the 2006 Dealer Agreement is substantially
similar to the 2004 Dealer Agreement. 
The 2006 Dealer Agreement contains representations and warranties that
are substantially similar to the representations and warranties set forth in
the 2004 Dealer Agreement and permits either party to request arbitration.  As she did in 2004, Baghaei personally guaranteed
any sums due under the 2006 Dealer Agreement.








It was eventually discovered that the individual
who signed the documents submitted by Baghaei for the purchase and financing of
the 2004 vehicle was an imposter who had used Newel Sanders=s
identity to purchase the vehicle.[2]  In January 2007, Capital One notified AppOne
that AppOne was in default of their agreement. 
Capital One also requested a payoff from AppOne in the amount of
$13,607.77.  AppOne paid that amount to
Capital One in exchange for an assignment of the installment contract and
security agreement executed by the imposter Sanders.

In April 2007, AppOne notified Baghaei that it
had received an AAffidavit of Fraud@ from
Newel Sanders in which he stated that he did not sign the documents related to
the purchase of the 2004 vehicle.  AppOne
indicated that Baghaei was in default of the AUsed Car
Dealer Agreement@ for Athe
breach of various representations and warranties set forth in@ the
Dealer Agreement.[3]








AppOne later sued Baghaei for breach of the
representations and warranties made in both the 2004 and 2006 Dealer
Agreements.[4]  It sought damages in the amount of
$13,607.77, interest, and attorneys=
fees.  AppOne later filed a motion for
summary judgment thatCaccording to AppOneCaddressed
both the claim under the 2004 Dealer Agreement and the claim under the 2006
Dealer Agreement.  Baghaei did not file a
response to the motion for summary judgment. 
On April 15, 2008, Baghaei filed a motion to compel arbitration pursuant
to the 2006 Dealer Agreement.  That same
day, AppOne nonsuited its claim asserted under the 2006 Dealer Agreement.  The trial court subsequently signed an order
granting summary judgment in favor of AppOne on its A2004
Dealer Agreement claim.@[5]  The trial court awarded AppOne $13,607.77,
prejudgment interest, and attorneys= fees.








                                          III.  ARBITRATION

In her first issue, Baghaei argues that the trial
court erred and abused its discretion by failing to refer the case to
arbitration.  Baghaei, however,
acknowledges that the 2006 Dealer Agreement is governed by the Federal
Arbitration Act.  In Texas, a trial court=s denial
of arbitration under the FAA may be challenged only by mandamus and not by
interlocutory appeal.  In re D. Wilson
Constr. Co., 196 S.W.3d 774, 779 (Tex. 2006) (orig. proceeding).  Accordingly, Baghaei may not challenge the
trial court=s denial of her request for
arbitration in this direct appeal.  We
overrule Baghaei=s first issue.

                                          IV.  JURISDICTION








In her second issue, Baghaei argues that the
trial court lacked jurisdiction to enter the final summary judgment order
because (1) the 2006 Dealer Agreement superseded the 2004 Dealer Agreement, (2)
AppOne nonsuited its claim under the 2006 Dealer Agreement, (3) the 2006 Dealer
Agreement governs all of AppOne=s
claims, and (4) AppOne took no action to reinstate its claim under the 2006
Dealer Agreement.  Although we hold below
that the 2006 Dealer Agreement superseded the 2004 Dealer Agreement, AppOne
invoked the trial court=s jurisdiction when it filed
suit against Baghaei under the 2004 Dealer Agreement, and AppOne=s claim
under the 2004 Dealer Agreement remained pending after it nonsuited its claim
under the 2006 Dealer Agreement.  We hold
that the trial court had jurisdiction over the case when it signed the final
summary judgment order.  Cf. Williams
v. Nat=l Mortgage Co., 903
S.W.2d 398, 402 (Tex. App.CDallas
1995, writ denied) (stating that if an opposing party has no claim for
affirmative relief pending, a trial court=s
jurisdiction over a cause ends when a notice of nonsuit is given for the only
pending claim for affirmative relief). 
We overrule Baghaei=s second
issue.

             V.  LEGAL SUFFICIENCY
OF APPONE=S SUMMARY JUDGMENT PROOF

In her third issue, Baghaei challenges the
sufficiency of AppOne=s summary judgment proof.  She argues that the trial court erred by
granting summary judgment in favor of AppOne on its claim under the 2004 Dealer
Agreement because the 2006 Dealer Agreement superseded the 2004 Dealer Agreement.








Although Baghaei did not file a response to
AppOne=s
traditional motion for summary judgment, it is well established that the trial
court may not grant a summary judgment by default for lack of an answer or
response to the motion by the nonmovant unless the movant=s
summary judgment proof is legally sufficient. 
Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex.
1979).  Summary judgments must stand on
their own merits, and the nonmovant=s
failure to answer or respond cannot supply by default the summary judgment
proof necessary to establish the movant=s right
to summary judgment because deficiencies in the movant=s own
proof or legal theories could defeat its right to judgment as a matter of
law.  Rhone-Poulenc, 997 S.W.2d at
223; Clear Creek Basin, 589 S.W.2d at 678; Pierson v. SMS Fin.
II, L.L.C., 959 S.W.2d 343, 348 (Tex. App.CTexarkana
1998, no pet.); see Atlantic Mut. Ins. Co. v.Crow Design Ctrs., 148
S.W.3d 743, 744 (Tex. App.CDallas
2004, no pet.) (stating that when the movant does not meet its burden of proof,
the burden does not shift to the nonmovant to come forward with evidence
raising a genuine issue of material fact). 
But while the nonmovant need not file an answer or response to the
summary judgment motion, on appeal the nonmovant may only contend that the
movant=s
evidence supporting the motion was insufficient as a matter of law or that the
grounds in the motion do not dispose of all the claims in the case.  Rhone-Poulenc, 997 S.W.2d at 223; Clear
Creek Basin, 589 S.W.2d at 678.








Here, because Baghaei did not file a response to
AppOne=s motion
for summary judgment, she is limited to contending that AppOne=s
evidence is insufficient as a matter of law to support the summary
judgment.  Indeed, Baghaei does just this
in her third issue, wherein she argues that AppOne=s
summary judgment evidenceCwhich includes both the 2004
Dealer Agreement and the 2006 Dealer AgreementCshows
that the 2006 Dealer Agreement superseded and replaced the 2004 Dealer
Agreement.  According to Baghaei, because
the 2006 Dealer Agreement superseded the 2004 Dealer Agreement, and because
AppOne nonsuited its claim under the 2006 Dealer Agreement, there was no basis
for the trial court to grant AppOne any relief under the motion for summary
judgment.[6]  Accordingly, we will examine Baghaei=s
argument challenging the legal sufficiency of AppOne=s
summary judgment evidence.








The general rules of contract construction are
well established.  Under Texas law, if
there is no ambiguity in a contract, its construction and meaning become a
question of law for the court to determine. 
Calpine Producer Services, L.P. v. Wiser Oil Co., 169 S.W.3d 783,
787 (Tex. App.CDallas 2005, no pet.).  Our primary concern when construing a written
contract is to ascertain the true intentions of the parties as expressed in the
instrument.  Coker v. Coker, 650
S.W.2d 391, 393 (Tex. 1983); Heil Co. v. Polar Corp., 191 S.W.3d 805,
810 (Tex. App.CFort Worth 2006, pet.
denied).  We examine and consider the entire
writing in an effort to harmonize and give effect to all provisions of the
contract so that none will be rendered meaningless.  Coker, 650 S.W.2d at 393.  We presume that the parties to the contract
intend every clause to have some effect. 
Heritage Res., Inc. v. NationsBank, 939 S.W.2d 118, 121 (Tex.
1996); XCO Prod. Co. v. Jamison, 194 S.W.3d 622, 627 (Tex. App.CHouston
[14th Dist.] 2006, pet. denied).  We give
terms their plain, ordinary, and generally accepted meaning unless the contract
shows that the parties used them in a technical or different sense.  Heritage Res., 939 S.W.2d at 121.  The intent of the parties must be taken from
the contract itself, not from the parties= present
interpretation, and the contract must be enforced as written.  Calpine Producer Services, L.P., 169
S.W.3d at 787.  The existence of a valid
contract is an essential element of a breach of contract claim.  See, e.g., Winchek v. Am. Express Travel
Related Services Co., Inc., 232 S.W.3d 197, 202 (Tex. App.CHouston
[1st Dist.] 2007, no pet.).








In the present case, under the subheading, AEffective
Date,@ the
2004 Dealer Agreement provides in part that the Agreement Ais
deemed to be effective as of the date first written above.@  The Adate
first written above@ is June 14, 2004.  Like the 2004 Dealer Agreement, the 2006
Dealer Agreement is Adeemed to be effective as of the
date first written above,@ which is April 7, 2006.  Under the subheading, AEntire
Agreement,@ the 2006 Dealer Agreement
states as follows:

This Agreement, together with any
Exhibits hereto and such Dealer Updates and letters as are from time to time
provided, shall constitute the complete agreement and understanding of the
parties concerning the subject matter and supersedes all previous agreements
and understandings relating to the subject matter.  The Agreement can only be amended by written
agreement between Dealer and AppOne or by Dealer Updates as set forth in
Section 3 herein. [Emphasis added.]

 

The 2006 Dealer Agreement also specifically provides that A[a]ll
representations, warranties, and promises contained herein are expressly
understood as applying to all Vehicles and/or Contracts which presently have
been purchased or which are to be purchased in the future pursuant to this
Agreement.@ [Emphasis added.]








The relevant language of the 2006 Dealer
Agreement demonstrates that the 2006 Dealer Agreement superseded the 2004
Dealer Agreement.  AppOne, however, nonsuited
its claim against Baghaei under the 2006 Dealer Agreement, which left pending
only its claim under the 2004 Dealer Agreement.[7]  Because the trial court granted summary
judgment in favor of AppOne on its A2004 Dealer
Agreement claim,@ the trial court granted summary
judgment in favor of AppOne on a claim that is based on a superseded
contract.  It was error for the trial
court to grant summary judgment in favor of AppOne on a claim based upon a
superseded, invalid contract unless AppOne is somehow entitled to relief under
the 2004 Dealer Agreement, as AppOne argues. 
See Winchek, 232 S.W.3d at 202; Dallas Farm Machinery Co. v.
Minneapolis-Moline Co., 324 S.W.2d 578, 580 (Tex. Civ. App.CDallas
1959, no writ) (reasoning that second contract superseded first contract and
stating that a contract that expressly cancels a prior contract is to be
regarded as independent thereof, not as a continuation of the prior contract).








AppOne states that its claim against Baghaei is
based upon Avarious representations and
warranties concerning a transaction which occurred in 2005.@  It argues that the trial court appropriately
granted summary judgment on the 2004 Dealer Agreement claim because the
representations and warranties upon which AppOne sued were allegedly breached
before the 2006 Dealer Agreement=s
effective date.  We disagree, however,
because although the 2006 Dealer Agreement became effective in April 2006, it
specifically states that all representations and warranties contained therein
are expressly understood by the parties to apply to all vehicles, contracts, or
both that presently have been purchased. 
On the effective date of the 2006 Dealer Agreement, the transaction
between Baghaei and AppOne on behalf of the imposter Sanders involved a
vehicle, contract, or both that had been purchased.  Thus, the unambiguous language of the 2006
Dealer Agreement makes clear that the representations and warranties set forth
in the 2006 Dealer Agreement cover AppOne=s claims
regarding the alleged breach of contractual representations and warranties that
occurred in 2005.

Further, because the 2006 Dealer Agreement
superseded the 2004 Dealer Agreement, the remedies available to AppOne in the
2006 Dealer Agreement superseded the remedies available to AppOne in the 2004
Dealer Agreement.  On April 10, 2007,
approximately one year after the 2006 Dealer Agreement became effective,
AppOne notified Baghaei that she was in default of the AUsed Car
Dealer Agreement@ and demanded that Baghaei pay
$13,607.77.  The only Dealer Agreement in
effect in April 2007Cwhen AppOne initiated remedial
procedures for Baghaei=s alleged breach of contractCwas the
2006 Dealer Agreement.  AppOne=s
remedies against Baghaei are accordingly governed by the 2006 Dealer Agreement.








AppOne additionally argues that the
representations and warranties in the 2004 Dealer Agreement survived Aany
termination of the 2004 Agreement.@[8]  AppOne is referring to the following
provision in the 2004 Dealer Agreement:  AEach of
the foregoing representations and warranties . . . shall survive the execution
and delivery of this Agreement and the execution and delivery of the Contract
documents[] and shall continue in full force and effect until all terms and
provisions of the Contract have been fully performed.@  This language does not support AppOne=s
argument.  It simply provides that the
representations and warranties set forth in the Dealer Agreement remain
enforceable even after AppOne has performed its contractual obligation of
providing or arranging for financing to customers who purchase vehicles from
Baghaei.  This language is not relevant
to the issue of whether AppOne is entitled to relief on its claim under the
2004 Dealer Agreement.








AppOne further directs us to a provision in the
2006 Dealer Agreement that states, AAppOne
is willing to review credit applications received from time to time from prospective
Customers of Dealer who wish to purchase new and used automobiles . . .
from Dealer using financing to be provided by
Lender . . . .@
[Emphasis added.]  AppOne argues that
this language demonstrates that the representations and warranties in the 2006
Dealer Agreement apply only to future customers, not to past customers,
including the imposter Sanders.  Although
we agree that the italicized language refers to future customers and future
financing, we disagree that this language supports AppOne=s
position.  The language merely addresses
AppOne=s
obligation under the contract to review credit applications.  The individuals who submit the applications
are Aprospective@
customers because they have yet to purchase the vehicle from the dealer; hence
the application for vehicle financing. 
Moreover, that the 2006 Dealer Agreement uses a number of terms in the
future tense does not ipso facto suggest that the Agreement only applies
post-April 2006, as AppOne seems to claim.

The sole dispute in AppOne=s suit
against Baghaei is based on a contract that has not been in effect since
immediately before the 2006 Dealer Agreement became effective on April 7,
2006.  AppOne=s
summary judgment evidence fails to demonstrate that AppOne was entitled to
judgment as a matter of law.  See
Rhone-Poulenc, 997 S.W.2d at 223; Clear Creek Basin, 589 S.W.2d at
678.  We hold that the trial court erred
by granting summary judgment in favor of AppOne on the basis of an invalid,
superseded contract.  Accordingly, we
sustain Baghaei=s third issue.








Having sustained Baghaei=s third
issue, we need not consider her fourth and fifth issues, in which Baghaei
complains that the trial court erred by prohibiting her from amending her
pleadings in response to AppOne=s
partial nonsuit and by granting the summary judgment without considering
mitigating evidence.  See Tex. R.
App. P. 47.1.

VI.  Conclusion

Having
sustained Baghaei=s third issue, we reverse the
trial court=s order granting summary
judgment in favor of AppOne and remand the case for further proceedings.       

 

BILL MEIER

JUSTICE

 

PANEL:  CAYCE, C.J.; DAUPHINOT
and MEIER, JJ.

 

DELIVERED:  July 9, 2009











[1]See Tex. R.
App. P. 47.4.





[2]The real
Newel Sanders executed two affidavits that AppOne included with its summary
judgment evidence:  one stating that he
did not sign any of the documents associated with the purchase of the 2004
vehicle and another containing an attached copy of a completed Uniform
Affidavit for Identity Theft.





[3]The
representations and warranties that AppOne claimed Baghaei had breached include
the following:  (1) Baghaei has
independently investigated and verified that all information provided in the ACredit
File@ is full,
true, accurate, correct, genuine, and complete and (2) the customer has legal
capacity to contract and to borrow, and all signatures appearing in the
Customer Obligation are authorized and genuine.





[4]In its
second amended original petition, AppOne stated, AUnder the
terms and provisions found in both the June 2004 Dealer Agreement and the April
2006 Dealer Agreement, then, as well as in Defendant=s
Personal Guaranty signed in connection with each of those Dealer Agreements,
Defendant is and/or would be liable . . . for breaches of the above-described
representations and warranties.@





[5]The trial
court also ordered that AppOne=s claim
under the 2006 Dealer Agreement is nonsuited and dismissed without prejudice.





[6]AppOne
contends that Baghaei is prohibited from arguing that the 2006 Dealer Agreement
superseded the 2004 Dealer Agreement because she failed to plead the
affirmative defense of merger and failed to file any response to the motion for
summary judgment.  But Baghaei does not
challenge the trial court=s grant of summary judgment on
any affirmative defense theory.  She
plainly challenges the legal sufficiency of AppOne=s summary
judgment proof.





[7]In a
brief filed with the trial court, AppOne stated that after nonsuiting its claim
under the 2006 Dealer Agreement, its claim under the 2004 Dealer Agreement Aremained
pending before the Court.@ 
AppOne acknowledged that APlaintiff=s Motion
for Summary Judgment on the 2004 Dealer Agreement claim is before the Court.@





[8]AppOne
specifically contends, AEven assuming hypothetically that
some aspect of the 2004 Agreement was allegedly terminated in some way in 2006,
the provisions in the 2004 Agreement concerning representations and warranties
would survive, would remain in effect[,] and would be enforceable.@