## CENTRAL POWER & LIGHT COMPANY, Appellant,

v.

## Richard A. CABALLERO, Appellee.

### No. 04–90–00112–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 12, 1994.

Rehearing Denied March 23, 1994.

Lev Hunt, Hunt, Hermansen, McKibben & Barger, Corpus Christi, George P. Parker, Jr., Holly Claghorn, Matthews & Branscomb, San Antonio, for appellant.

Jerald L. Abrams, Eagle Pass, Brooks Wm. (Bill) Conover, III, Asst. Atty. Gen., Gen. Litigation Div., Austin, for appellee.

Before BUTTS, RICKHOFF and BILL J. STEPHENS, JJ.

## OPINION

STEPHENS, Justice [1].

This case was tried in district court, appealed to this court and an opinion was rendered by this Court on December 12, 1990. Writ of error was granted by the Supreme Court of Texas and the case is again before the Fourth Court of Appeals after reversal and remand by the Supreme Court.

After remand by the Supreme Court and before oral argument to the Court of Appeals, Central Power & Light Company moved the Court of Appeals to dismiss this lawsuit for lack of subject matter jurisdiction, contending that Counsel had just learned that Cabellero's lawsuit was untimely filed in district court. This Court agrees with the law as presented by Central Power & Light, and accordingly, orders this case dismissed.

## CASE HISTORY

Caballero first filed his discrimination complaint with Texas Commission on Human Rights on October 1, 1987. That complaint was dismissed and he then, on October 12, 1988, filed suit in district court against Central Power & Light for employment discrimination based on "handicap." On jury findings favorable to Caballero, the trial court rendered judgment that Cabellero recover monetary damages for lost past earnings and diminished future earning capacity.

The Fourth Court of Appeals reversed and remanded the cause to the trial court, holding that the Texas Commission on Human Rights Act was substantially an equitable statute which required that a complainant first obtain an injunction against the employ-

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T.CODE ANN. § 74.003(b) (Vernon 1988).

er's wrongful conduct before he could sue for violations of the injunctive order, the next procedurally-required step. *Central Power & Light Co. v. Caballero,* 804 S.W.2d 534 (Tex.App.—San Antonio 1990), *rev'd.,* 858 S.W.2d 359 (Tex.1993). On writ of error to the Supreme Court, the Supreme Court declined to accept this Court's interpretation of the statute, and reversed this Court's decision, remanding and ordering further proceedings in the Court of Appeals.

## LAW

Cabellero's original petition was filed in District Court on October 12, 1988, one year and eleven days after he filed his complaint with the TCHR.

The Texas Commission on Human Rights Act, TEX.REV.CIV.STAT.ANN. art. 5221k (Vernon 1987),[2] provides that an action under the Act must be filed no later than one year after the underlying complaint of discrimination was filed with the Commission:

> If the complaint filed with the commission pursuant to Section 6.01 of this Act is dismissed by the commission, or if within 180 days after the date of filing of the complaint the commission has not filed a civil action under this section or has not successfully negotiated a conciliation agreement between the complainant and respondent, the commission shall so notify the complainant in writing by certified mail. Within 60 days after the date of receipt of the notice, a civil action may be brought by the complainant against the respondent named in the charge.... *In no event may any action be brought pursuant to this article more than one year after the date of filing of the complaint to which the action relates.*

*Id.* § 7.01(a) (emphasis added).

 Despite argument of appellee that the provision quoted above is merely a statute of limitations, which must be pled, the Supreme Court has held that the "one year limitation period for [filing a] civil action is ... mandatory and jurisdictional." *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 487 n. 10

(Tex.1991). *Accord Brammer v. Martinaire, Inc.,* 838 S.W.2d 844, 848 (Tex.App.—Amarillo 1992, no writ); *Eckerdt v. Frostex Foods, Inc.,* 802 S.W.2d 70, 71 (Tex.App.—Austin 1990, no writ). Accordingly, for the trial court to have acquired subject matter jurisdiction of Cabellero's suit, it was mandatory that Caballero file his lawsuit no later than one year after he filed his charge of handicap discrimination with the Commission. This he failed to do.

 Furthermore, the question of jurisdiction is fundamental and may be raised at any time. *Tullos v. Eaton Corp.,* 695 S.W.2d 568 (Tex.1985). Jurisdiction of subject matter exists by operation of law only, and cannot be conferred upon the court by consent or waiver. *Federal Underwriters Exch. v. Pugh,* 141 Tex. 539, 174 S.W.2d 598, 600 (1943); *accord Gaynier v. Ginsberg,* 763 S.W.2d 461, 463 (Tex.App.—Dallas 1988, no writ).

We hold that there is no subject matter jurisdiction of this case as a matter of law, and, accordingly, we dismiss this case for want of jurisdiction.

---

**2.** This article was repealed and replaced with the TEX.LAB.CODE ANN. §§ 21.001–21.306 effective September 1, 1993. A complaint filed before

that date is governed by the law in effect on the date the complaint was filed.