Affirmed and Opinion filed December 5, 2002
















Affirmed and
Opinion filed December 5, 2002.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00230-CV

_______________

 

BARBARA SHELDEN CZERWINSKI,

Ph.D, R.N.,
F.A.N.N., Appellant

 

V.

 

THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER

AT HOUSTON SCHOOL OF NURSING; 

PATRICIA L. STARCK, D.S.N., R.N., F.A.N.N., IN HER INDIVIDUAL AND
UNOFFICIAL CAPACITY; AND MARY ANNE MARCUS, E.D.D., 

IN HER INDIVIDUAL AND UNOFFICIAL CAPACITY, Appellees

______________________________________________________________________

 

On Appeal from the 133rd District Court

Harris County, Texas

Trial Court Cause No. 01-23920

______________________________________________________________________

 

O P I N I O N

            In
this age discrimination case, appellant, Barbara Czerwinski, appeals the order
of the trial court granting the University’s[1] plea to
the jurisdiction.  Specifically,
appellant contends the trial court erred by concluding that the filing
requirements prescribed under the Texas Commission on Human Rights Act (“Act”)
are jurisdictional.  Finding no merit in
appellant’s contention, we affirm.  

Background

            After Czerwinski earned a
Ph.D. in nursing, she became a professor at the University.  Her employment began on September 1, 1996 and ended September 1, 1999.  Thereafter, Czerwinski filed an action in
federal district court alleging fraud against her immediate supervisors, Dr.
Patricia Starck and Dr. Mary Anne Marcus.  Czerwinski alleged that they fraudulently
persuaded her to request a change of status from tenure track to clinical
track.  Czerwinski would have been
entitled to significant retirement benefits had she remained on tenure
track.  After Czerwinski’s change in
status, on May 11,
 1999, the University gave notice that her contract would not be
renewed.  Czerwinski pursued a cause of
action for fraud which was ultimately dismissed by the federal district
court.  During discovery in the fraud
case, Czerwinski reviewed a document that prompted her to file the action made
the basis of this appeal.  The document
allegedly detailed the University’s objective to recruit “promising, young
nurse researchers.”  At that time
Czerwinski was employed as a nurse researcher; however, she was fifty-eight
years old.  On October 23, 2000, she filed
a charge of age discrimination with the Texas Commission on Human Rights
(“TCHR”).  On April 23, 2001, she requested that the TCHR issue
a right to sue letter.  On May 1, 2001, the TCHR issued a notice
of dismissal, noting that more than 180 days had passed since the alleged
discriminatory act.

            Czerwinski
then initiated this suit alleging age discrimination in employment.  Appellees filed a
plea to the jurisdiction based on Czerwinski’s failure to file a complaint with
the Commission within 180 days of the alleged discriminatory act, as required
by section 21.202 of the Texas Labor Code. 
The trial court ruled that compliance with the 180-day period for filing
suit is mandatory and granted the University’s jurisdictional plea. 

 

Discussion

            A plea to the jurisdiction
is the vehicle by which a party contests the trial court’s authority to decide
a case.  Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); TRST Corpus, Inc. v. Fin. Ctr., Inc., 9 S.W.3d 316, 320 (Tex.
App.—Houston [14th Dist.] 1999, pet. denied). 
It is a dilatory plea, the purpose of which is to defeat the cause of
action without addressing the merits of the case.  Bland, 34 S.W.3d 554.  The plaintiff bears the burden of alleging
facts that affirmatively show the trial court has subject matter
jurisdiction.  Id.  Because the question of subject matter
jurisdiction is a legal question, we review the trial court’s ruling on a plea
to the jurisdiction de novo.  Id.

            The
Texas Commission on Human Rights Act maintains a comprehensive administrative
review system for obtaining relief from unlawful employment practices. Schroeder v. Tex. Iron Works, Inc., 813
S.W.2d 483, 485 (Tex.
1991).  Before suing in state court, an
employee must exhaust her administrative remedies under the Act by first filing
a complaint with the TCHR within 180 days of the alleged discriminatory act.  Id.; see also
Tex. Lab. Code Ann. § 21.202(a) (Vernon Supp.
2002).  This affords the TCHR the
opportunity to investigate the allegation, informally eliminate any
discrimination, and minimize costly litigation. 
See Tex. Lab. Code Ann. §§ 21.203, 21.204(a), 21.207(a) (Vernon
Supp. 2002); Stinnett v. Williamson
County Sheriff’s Dep’t, 858 S.W.2d 573, 577 (Tex. App.—Austin 1993, writ
denied).  The requirement is of such
import that failing to comply deprives the court of subject matter
jurisdiction.  Schroeder, 813 S.W.2d at 485–89. 
In other words, unless and until an employee timely submits her
complaint to the TCHR, the courts of Texas are barred
from adjudicating that complaint.  Id.; Stinnett, 858 S.W.2d at 576; Ridgway’s Inc. v. Payne, 853 S.W.2d 659, 663
(Tex. App.—Houston [14th Dist.] 1993, no writ).

 








            The
supreme court has held that the “limitation period for [filing a] civil action
[under the Act] is also mandatory and jurisdictional.”  Schroeder,
813 S.W.2d at 487 n.10; see also 
Cent. Power & Light Co. v.
Caballero, 872 S.W.2d 6, 7 (Tex. App.—San Antonio 1994, writ denied); Brammer v. Martinaire,
Inc., 838 S.W.2d 844, 848 (Tex. App.—Amarillo 1992, no writ); Eckerdt v. Frostex Foods,
Inc., 802 S.W.2d 70, 71 (Tex. App.—Austin 1990, no writ). 

            Subject matter jurisdiction
exists by operation of law only and cannot be conferred upon the court by
consent or waiver.  Dubai Petroleum Co. v. Kazi, 12 S.W.3d
71, 76 (Tex.
2000).  Appellant argues Dubai stands for
the proposition that failure to comply with statutory requirements is not jurisdictional,
but an issue the parties may raise on the merits.  Id. at
76–77.  The supreme court in Dubai, however,
reasoned that the trial court had jurisdiction because a claim for wrongful
death was within its constitutional jurisdiction, not because plaintiff
satisfied all of the grounds listed in a statute.  Id.  

            A
recent decision distinguishing Dubai involved a wrongful death action
where the trial court maintained “constitutional jurisdiction.”  Tex. S. Univ. v. Carter, 84 S.W.3d 787, 791 (Tex. App.—Houston [1st
Dist.] 2002, no pet. h.).  The court in Carter held the Whistleblower Act is
statutory in nature and that a whistleblower has no common law cause of
action.  The court further held that the
statutory grievance procedure in the Whistleblower Act is a jurisdictional
requirement, the failure of which may be challenged by way of a plea to the
jurisdiction.  Id. at 792.  

            Similarly,
a sister court has recently held that an employee’s failure to exhaust her
administrative remedies with the TCHR resulted in the trial court not having
subject matter jurisdiction.  Davis v. Educ. Serv. Ctr., 62 S.W.3d 890, 893 (Tex.
App.—Texarkana 2001, no pet.).  Most
recently, in Tarrant County v. Vandigriff, 71 S.W.3d 921, 928 (Tex. App.—Fort Worth
2002, pet. denied), the court reversed a trial court’s denial of a plea to the
jurisdiction where the plaintiff filed suit under the TCHR, but failed to bring
suit within the required two-year period. 
In its reversal, the court also held that the limitation period under
the Act is mandatory and jurisdictional. 
Id. at 924.  The
court cited Dubai, but only
for the 

 class=Section3>

proposition that subject matter jurisdiction exists by
operation of law and cannot be conferred upon the court by consent or
waiver.  Id. at
925.  

            The
TCHR was created by the legislature to correlate state law with federal law in
the area of employment discrimination.  Schroeder, 813 S.W.2d at 485.  Therefore, before filing an employment
discrimination claim, one must comply with the statutory mandates of the TCHR.  We agree with the line of cases holding that
failure to comply with the Act results in the trial court lacking
jurisdiction.  Id. at 487 n.10; see
also Caballero, 872 S.W.2d at 7; Brammer, 838
S.W.2d at 848; Eckerdt,
802 S.W.2d at 71.  We are not persuaded that Dubai overruled
those cases or should apply to purely statutory causes of action created by the
legislature.  Accordingly, we hold that
Czerwinski’s failure to exhaust administrative remedies deprived the trial
court of subject matter jurisdiction. 

            Appellant
also argues that her claim is subject to equitable tolling.  Equitable tolling, however, applies “in
situations where the claimant has actively pursued his judicial remedies by
filing a defective pleading during the statutory period, or where the
complainant has been induced or tricked by his adversary’s misconduct into
allowing the filing deadlines to pass.”  Rowe v. Sullivan, 967 F.2d 186, 192 (5th
Cir. 1992).  See also Irwin v. Dep’t of Veterans Affairs, 498 U.S. 89, 96
(1990).  We hold the doctrine of
equitable estoppel is not applicable because the
statutory filing requirements are jurisdictional.

            Czerwinski
further argues that we should look to the federal court for guidance in
deciding the issue.  We agree that our
courts may consider how the federal act is implemented under clauses similar to
those at issue in the Texas act.  See Eckerdt, 802 S.W.2d at 72.  However, we are obligated to follow only the Texas and United
States Supreme Courts.  Penrod Drilling
Corp. v. Williams, 868 S.W.2d 294, 296 (Tex. 1993); Mohamed v. Exxon Corp., 796 S.W.2d 751,
753–54 (Tex. App.—Houston [14th Dist.] 1990, writ denied).  Further, Texas courts
have construed the state law provisions to be mandatory and jurisdictional;
thus, we decline to be guided by federal law on this issue.  The judgment of the trial court is affirmed. 

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment rendered and Opinion filed December 5, 2002.

Panel consists of Justices Edelman, Seymore, and
Guzman.

Do Not Publish — Tex.
R. App. P. 47.3(b).

 











            [1]  “The University” refers to all appellees
in this case: The University of Texas Health Science Center at Houston School
of Nursing, Dr. Patricia L. Stark, and Dr. Mary Anne Marcus.