COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| | | No. 08-09-00170-CV |
| IN RE ARCELORMITTAL VINTON, | § | |
| INC., F/K/A BORDER STEEL, INC., | | An Original Proceeding |
| | § | |
| RELATOR | | in Mandamus |
| | § | |
| | § | |

**O P I N I O N**

Relator, ArcelorMittal Vinton, Inc., asks this Court to issue a writ of mandamus compelling Respondent, the Hon. William E. Moody, Judge of the 34th Judicial District Court of El Paso County, to vacate an order denying Relator's plea to the jurisdiction, and enter an order dismissing the underlying case for lack of jurisdiction. Conditionally granted.

Jose Sandovol worked for ArcelorMittal Vinton, Inc., (formerly known as Border Steel, Inc.) for over thirty years.[1] In June 2004, the ball mill department at the plant where Mr. Sandovol worked was shut down. All six employees in the department, including Mr. Sandovol, lost their jobs. Mr. Sandovol was sixty-eight years' old at the time. The following December, Border Steel reopened the ball mill. Only one of the employees who were

---

[1] In its petition, Relator states the company was known as "Border Steel" at all times relevant to Mr. Sandovol's employment. Although the company changed its name to ArcelorMittal Vinton, Inc. in 2007, the parties refer to the employer as "Border Steel" throughout their pleadings, and in the documents filed in this Court. To avoid confusion, we will also refer to the employer by its former name in this opinion.

laid off in June returned to work.

On February 28, 2006, Mr. Sandovol filed a claim with the Texas Workforce Commission alleging he had been discriminated against because of his age. He claimed he had not been recalled for work, although other younger members of his department had been re-hired between December 2004 and January 2005. The Commission granted Mr. Sandovol a notice of right to file suit. He filed his original petition on August 22, 2006.

In response to Mr. Sandovol's claims, Border Steel filed a plea to the jurisdiction alleging Mr. Sandovol failed to timely file his administrative charges. Following a hearing, the trial court denied the plea. Border Steel now seeks relief by writ of mandamus, and asks this Court to compel the trial court to rescind its order, grant the company's plea, and dismiss the case for lack of jurisdiction.

A writ of mandamus will issue to correct a clear abuse of discretion when there is no adequate remedy by appeal. *See In re Prudential Ins. Co. Of America*, 148 S.W.3d 124, 135-36 (Tex. 2004)(orig. proceeding).

A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable that it amounts to a clear, prejudicial error of law, or if the decision results from a clear failure to correctly apply the law to the established facts. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005)(orig. proceeding). It is the relator's burden to establish a clear abuse of discretion has occurred. *Id*. The erroneous denial of a motion to compel arbitration pursuant to the Federal Arbitration Act (FAA), is subject to relief by mandamus as the movant has no alternative adequate remedy. *In re Nexion Health at Humble, Inc.*, 173 S.W.3d 67, 69 (Tex. 2005)(orig. proceeding).

A plea to the jurisdiction contests the trial court's subject matter jurisdiction over a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a court has subject matter jurisdiction is a question of law, which we review *de novo*. *City of El Paso v. Maddox*, 276 S.W.3d 66, 70 (Tex.App.--El Paso 2008, pet. denied). It is the plaintiff's burden to allege facts affirmatively demonstrating the trial court's jurisdiction. *Tex. Assoc. of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). To determine whether the plaintiff has satisfied his burden, we must consider the allegations in the petition and accept them as true. *Maddox*, 276 S.W.3d at 70-1. The scope of our review is not limited solely to the pleadings, but may also include evidence when necessary to resolve the jurisdictional issues raised. *Blue*, 34 S.W.3d at 555.

In this instance, Border Steel contends the trial court was deprived of jurisdiction to consider Mr. Sandovol's age discrimination claim because he failed to timely filed his administrative claim. Texas law requires that a complaint of unlawful employment discrimination be filed with the Texas Commission on Human Rights within 180 days after the alleged unlawful employment action occurs. *Cooper-Day v. RME Petroleum Co.*, 121 S.W.3d 78, 83 (Tex.App.--Fort Worth 2003, pet. denied), *citing Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996); *see* TEX.LAB.CODE ANN. § 21.202(a)(Vernon 2006). This limitations period is mandatory and jurisdictional. *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 486 (Tex. 1991). That is, failure to timely file an administrative complaint deprives Texas trial courts of subject matter jurisdiction over a subsequent claim against the employer. *See Cooper-Day*, 121 S.W.3d at 83.

The limitations period begins when the employee is informed of the allegedly

discriminatory employment decision. TEX.LAB.CODE ANN. § 21.202(a); *see Delaware State College v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980); *Specialty Retailers*, 933 S.W.2d at 493. The date the allegedly discriminatory decision goes into effect, or the date on which the effect of such decision is realized by the employee, does not alter the commencement of the 180-day period. *See Villareal v. Williams*, 971 S.W.2d 622, 625 (Tex.App.--San Antonio 1998, no pet.), *citing Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 928-29 (Tex. 1996)(Applying the Worker's Compensation Act); *Specialty Retailers*, 933 S.W.2d at 492-93 (Applying the TCHR); *Cooper-Day*, 121 S.W.3d at 83, 85. As the United States Supreme Court explained in its interpretation of the equivalent provision in Title VII, "'the proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful.'" *Ricks*, 449 U.S. at 258, 101 S.Ct. at 504.

According to Mr. Sandovol's Original Petition, he was subjected to age discrimination by his former employer when Border Steel failed to re-hire, or offer to re-hire, him between December 2004 and January 2005. At that time, he claimed the company was re-hiring other, younger workers, but did not offer him re-employment. In support of its plea, Border Steel produced documents showing that another former ball mill employee, Mr. Raul Guzman, was re-hired as a machine operator on January 5, 2005.[2] Reading these documents together, the latest Mr. Sandovol could have been discriminated against due to Border Steel's decision to re-hire only younger workers was January 5, 2005, the date Mr. Guzman was re-hired in the ball mill.

---

[2] Mr. Sandovol's administrative complaint states only that during 2005 other employees, who he believed were in their forties, were re-hired when the ball mill reopened. Border Steel's evidence indicates that only one of the six employees who were laid off in June 2004 with Mr. Sandovol, Mr. Guzman was re-hired. Mr. Sandoval did not dispute this evidence, nor has he presented evidence that additional employees were re-hired.

Mr. Sandovol's administrative claim was therefore due no later than July 5, 2005. *See* TEX.LAB.CODE ANN. § 21.202(a). Because Mr. Sandovol failed to file his claim until February 28, 2006, the trial court was divested of jurisdiction to consider the suit. *See Schroeder*, 813 S.W.2d at 486. Accordingly, we conclude the trial court clearly abused its discretion by denying Border Steel's plea.

Having concluded the trial court's ruling constituted a clear abuse of discretion, we must still consider whether mandamus is the appropriate remedy, or whether Border Steel has another adequate remedy at law. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. Generally, a special appearance ruling is not one subject to relief by writ of mandamus. *See In re Godwin*, 293 S.W.3d 742, 747 (Tex.App--San Antonio 2009, orig. proceeding). However, as the Texas Supreme Court explained in *In re Prudential*, whether a clear abuse of discretion can be adequately remedied by regular appeal is not a question which can be answered by relegating cases to rigid categories. *See In re Prudential*, 148 S.W.3d at 136-37. Rather, we must balance the costs and benefits of relief by writ of mandamus in light of the circumstances presented by each case. *See id*. Notably, as the Court explained in *In re McAllen Medical Center, Inc.*, the balance most frequently weighs in favor of mandamus relief, when the "act of proceeding to trial--regardless of the outcome--would defeat the substantive right involved." 275 S.W.3d 458, 465 (Tex. 2008)(orig. proceeding).

Because the circumstances before us involve a substantive right which would be defeated were we to conclude Border Steel had an adequate remedy by appeal, we conclude the relator is entitled to relief by writ of mandamus. In our abuse-of discretion analysis, we determined that Border Steel has a right to dismissal, on jurisdictional grounds, due to the real party in interest's

failure to comply with a statutory prerequisite to filing his claim. In this instance, returning the case to the trial court would force the relator to either forgo its right to dismissal, or wait to appeal the ruling post-judgment. In the latter case, the ultimate outcome of the appeal would be the same as the disposition relief by mandamus permits immediately. Therefore, while we recognize that the denial of a plea to the jurisdiction will generally find an adequate remedy elsewhere, in this instance, we conclude mandamus relief provides, "a more complete and effectual remedy." *See Bradley v. McCrabb*, Dallam 504, 507, 1843 WL 3916 (Tex. 1843); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d at 467-68.

Having concluded Relator is entitled to relief by writ of mandamus, we conditionally grant the relief requested. We are confident the Respondent will vacate its order denying the plea, and enter an order dismissing the case for lack of jurisdiction in accordance with this opinion. The writ will issue only if the Respondent refuses to do so.

January 5, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

-6-