

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-10-00271-CV**

COMPTROLLER, STATE OF TEXAS                                    APPELLANT

V.

WESLEY LANDSFELD                                               APPELLEE

------------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

## OPINION

----------

## I. Introduction

In three issues, Appellant Comptroller, State of Texas (TCPA) appeals a judgment in favor of Appellee Wesley Landsfeld. We vacate the trial court's judgment and dismiss the case.

## II. Procedural and Factual Background

Because we resolve the parties' dispute over Landsfeld's employment-discrimination claim on the TCPA's procedural challenge, a detailed factual recitation is unnecessary. Suffice it to say that on February 16, 2005, Landsfeld, who had already worked ten hours without lunch or a break, refused his supervisor Maria Lowrance's request to stay beyond 5:00 p.m., and that on March 1, 2005, during a meeting, TCPA Office Manager Jarrell Barnes, told Landsfeld that he could retire or be fired the following day for insubordination. That same day, Landsfeld tendered a letter to TCPA stating that he would retire on March 31, 2005.

On September 27, 2005, Landsfeld filed a complaint with the Equal Employment Opportunity Commission and the Texas Workforce Commission (TWC) claiming that TCPA discriminated against him because of his age and that he was involuntarily retired. On June 8, 2006, Landsfeld received a right-to-sue notice from TWC allowing him to bring suit within sixty days of that notice. *See* Tex. Lab. Code Ann. § 21.254 (West 2006). On July 25, 2006, Landsfeld sued TCPA for age discrimination. TCPA filed a plea to the jurisdiction based on Landsfeld's alleged failure to serve it within sixty days following receipt of the right-to-sue notice or to use due diligence in attempting service. *See Tex. Comptroller of Pub. Accounts v. Landsfeld*, No. 02-07-00266-CV, 2008 WL 623832, at *2 (Tex. App.—Fort Worth Mar. 6, 2008, no pet.) (mem. op.). The trial court denied the plea, and after TCPA's interlocutory appeal, this court affirmed

that ruling. *Id.* A jury trial ensued. After both sides rested, TCPA, for the first time, asserted that because Landsfeld filed his TWC claim beyond the prescribed 180-day deadline, the trial court lacked jurisdiction. *See* Tex. Lab. Code Ann. § 21.202 (West 2006) (stating that a complaint must be filed within 180 days of the occurrence of the allegedly discriminatory action). The trial court concluded that Landsfeld "[had] file[d] within the statutory period of time" and that even if he had not, "the State ha[d] waived its complaint," and it denied TCPA's motion.[1] Pursuant to the jury's findings, the trial court entered a judgment against TCPA, from which TCPA now appeals.

### III.  Labor Code Section 21.202's 180-Day Charge Filing Deadline

In its first two issues, TCPA argues that because Landsfeld filed his complaint beyond labor code section 21.202's mandatory and jurisdictional 180-day charge filing deadline and because jurisdiction cannot be waived, the trial court erred by not dismissing the case. We agree.

### A.  Standard of Review and Applicable Law

Whether a court has subject matter jurisdiction is a question of law reviewed de novo. *Tex. Dep't. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217,

---

[1]The trial court also noted that it was concerned that "other than argument, there's been absolutely no evidence presented on any of [the jurisdictional] issues, including beginning date, the date of termination, when [Landsfeld] knew from the standpoint of a claim dealing with jurisdiction." However, the record reflects that Landsfeld testified that Barnes presented him with the option of resignation or termination on March 1, 2005, and that in an email, Landsfeld resigned effective March 31, 2005.

226 (Tex. 2004). Subject matter jurisdiction is an issue that may be raised for the first time on appeal. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). It also may not be conferred by waiver or estoppel. *Van ISD v. McCarty*, 165 S.W.3d 351, 354 (Tex. 2005). Sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit. *Miranda*, 133 S.W.3d at 224.

Chapter 21 of the labor code provides a limited waiver of sovereign immunity when a governmental unit has committed age-based employment discrimination. *See* Tex. Lab. Code Ann. § 21.002(8)(D) (West Supp. 2010) (defining "employer" to include state agency), § 21.051 (West 2006) (prohibiting age discrimination by employer); *Mission Consol. ISD v. Garcia*, 253 S.W.3d 653, 660 (Tex. 2008) (labor code clearly and unambiguously waives immunity). The waiver applies, however, only if the claimant satisfies the procedural requirements outlined in chapter 21. *Garcia*, 253 S.W.3d at 660.

Procedural requirements such as limitations, even if mandatory, may be waived unless they are jurisdictional. *In re United Servs. Auto. Ass'n (USAA)*, 307 S.W.3d 299, 307 (Tex. 2010) (orig. proceeding). To determine whether a statutory requirement is jurisdictional, we apply statutory interpretation principles. *City of DeSoto v. White*, 288 S.W.3d 389, 394 (Tex. 2009). Our goal is to ascertain legislative intent by examining the statute's plain language. *Id*.

4

## 1. Legislative Intent

We review this statutory-interpretation question de novo, and in construing statutes, we ascertain and give effect to the legislature's intent as expressed by the statute's language. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). We use definitions prescribed by the legislature and any technical or particular meaning the words have acquired. *Id.* (citing Tex. Gov't Code Ann. § 311.011(b) (West 2005)); *see also Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009) (op. on reh'g) ("Where text is clear, text is determinative of [the legislature's] intent."). Furthermore, we consider the object sought to be attained, the circumstances under which the statute was enacted, its legislative history, and common law or former statutory provisions, including laws on the same or similar subjects, among other factors. *See* Tex. Gov't Code Ann. § 311.023 (West 2005). In interpreting a statute, a court "shall diligently attempt to ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy." *Id*. § 312.005 (West 2005). And "[u]nless expressly provided otherwise, a reference to any portion of a statute, rule, or regulation applies to all reenactments, revisions, or amendments of the statute, rule, or regulation." *Id*. § 312.008 (West 2005). Finally, we must read the statute as a whole and not just isolated portions. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004); *Boenig v. StarnAir, Inc.*, 283 S.W.3d 444, 447 (Tex. App.—Fort Worth 2009, no pet.); *see also Nauslar v. Coors*

*Brewing Co.*, 170 S.W.3d 242, 253 (Tex. App.—Dallas 2005, no pet.) ("We determine legislative intent from the entire act and not just its isolated portions.")

## 2. Labor Code Section 21.202

Section 21.202 of the labor code reads "STATUTE OF LIMITATIONS. (a) A complaint under this subchapter must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred. (b) The commission shall dismiss an untimely complaint." Tex. Lab. Code Ann. § 21.202. The 180-day limitations period begins to run when the employee is informed of the alleged discriminatory employment decision. *Tex. Dep't of Pub. Safety v. Alexander*, 300 S.W.3d 62, 70 (Tex. App.—Austin 2009, pet. denied). And although it does indicate the legislature's intent, the "Statute of Limitations" title is not controlling. *USAA*, 307 S.W.3d at 307. A discrimination claim is governed by the law in effect on the date the complaint was filed. *See Cent. Power & Light v. Caballero*, 872 S.W.2d 6, 7 n.2 (Tex. App.—San Antonio 1994, writ denied).

## 3. Government Code Section 311.034

Section 311.034 of the government code states that

> [i]n order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. In a statute, the use of "person," as defined by Section 311.005 to include governmental entities, does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction. *Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity*.

6

Tex. Gov't Code Ann. § 311.034 (West Supp. 2010) (emphasis added). The final sentence of section 311.034, added in 2005, became effective on September 1, 2005. *See* Act of May 12, 2005, 79th Leg., R.S., ch. 1150, § 1, 2005 Tex. Gen. Laws 3783, 3783 (amending section 311.034) (current version at Tex. Gov't Code Ann. § 311.034). Landsfeld filed his complaint twenty-six days after section 311.034's amendment's effective date, thus section 311.034 as amended applies to Landsfeld's claim. *See Caballero*, 872 S.W.2d at 7 n.2.

## B. Analysis

In its first issue, TCPA argues that the trial court erred because section 21.202 is both mandatory and jurisdictional. TCPA specifically asserts that although the supreme court's holding in *USAA* overruled precedent as to section 21.256, it did not, as Landsfeld asserts,[2] "call into question the jurisdictional nature of [section 21.202's] 180-day charge filing deadline."

In *USAA*, the supreme court held that section 21.256, which is entitled "Statute of Limitations" and which sets a two-year limitation from the time of filing an administrative complaint to file a lawsuit, was not jurisdictional. 307 S.W.3d at

---

[2]In his response, along with arguing that *USAA* supports our conclusion that section 21.202 is nonjurisdictional, Landsfeld argues that *Waffle House, Inc. v. Williams*'s references to section 21.202 as "a statute of limitations" demonstrates that the supreme court does not consider section 21.202 jurisdictional. *See* 313 S.W.3d 796, 805 (Tex. 2010). *Williams*, however, involved a private entity and mentioned section 21.202 only briefly when comparing administrative and common law filing requirements. *Id*. *Williams* did not address section 311.034's declaration that statutory prerequisites are jurisdictional in suits against governmental entities. *See* Tex. Gov't Code Ann. § 311.034.

7

310; *see* Tex. Lab. Code Ann. § 21.256 (West 2006); *Tarrant Reg'l Water Dist. v. Villanueva*, 331 S.W.3d 125, 129 n.3 (Tex. App.—Fort Worth 2010, pet. filed). Although we did not directly address section 21.202 in *Villanueva*, we noted that in *USAA*, the supreme court reversed its earlier decision relative to labor code section 21.256 but that it did not disturb its prior holding "that failure to file a complaint and to pursue administrative remedies within [section 21.202's] 180-day time frame creates a jurisdictional bar." *See Villanueva*, 331 S.W.3d at 129 n.3.

In *USAA*, the supreme court's analysis began with the presumption that the provision was nonjurisdictional, "a presumption overcome only by *clear legislative intent to the contrary*." 307 S.W.3d at 307 (emphasis added). The supreme court noted that section 21.256 did not contain any language explicitly indicating that it was jurisdictional and considered that if the section's filing deadline were jurisdictional, many apparently final judgments would be open to attack. *Id*. at 308, 310. The supreme court preferred to avoid this result "*unless that was the Legislature's clear intent*." *Id*. (emphasis added). Unlike section 21.256, section 21.202(b)'s mandate that "[t]he commission shall dismiss an untimely complaint" shows the legislature's intent to make the 180-day filing deadline jurisdictional. Tex. Lab. Code Ann. § 21.202; *Lueck v. State*, 325 S.W.3d 752, 763–66 (Tex. App.—Austin 2010, pet. filed) (analyzing subsection (b)'s role in determining legislative intent to make section 21.202 mandatory and jurisdictional); *see also* House Study Group, Bill Analysis, Tex. H.B. 14, 68th Leg.

8

C.S.1 (1983) ("Aggrieved persons would have to file a complaint with the commission within 180 days of the alleged unlawful practice.").

Furthermore, in *USAA*, the supreme court concluded that

> [w]hile the Legislature could make the Labor Code filing deadlines jurisdictional, *as it has in cases involving statutory requirements relating to governmental entities*, *see* Tex. Gov't Code Ann. § 311.034 (providing that "statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity"), it has not done so here.

307 S.W. 3d at 308 (emphasis added). Thus, stated another way, the legislature has expressly declared that statutory prerequisites to filing suit are jurisdictional in cases relating to governmental entities.[3] *See also Little v. Tex. Bd. of Law Exam'rs*, 334 S.W.3d 860, 864 (Tex. App.—Austin 2011, no pet.) ("statutory prerequisites to suits against governmental entities *are* jurisdictional").

Moreover, in *Roccaforte v. Jefferson County*, a post-*USAA* decision in which the supreme court considered whether a post-suit notice requirement was

---

[3]After *USAA*, the Corpus Christi Court of Appeals found that labor code section 21.254's sixty-day deadline to file suit after receipt of notice of the right to file a civil action was not jurisdictional even as to a government entity. *See Mission Consol. ISD v. Garcia*, 314 S.W.3d 548, 559 (Tex. App.—Corpus Christi 2010, pet. filed) (op. on reh'g). However, section 21.254 does not contain the mandatory dismissal language found in section 21.202 and, instead, states that a party "may" file a civil action within sixty days of receiving a right-to-sue notice from the TWC. *See* Tex. Lab. Code. Ann. § 21.254; *see also McCollum v. Tex. Dep't of Licensing & Regulation*, 321 S.W.3d 58, 64 (Tex. App.—Houston [1st Dist.] 2010, pet. filed) ("Unlike section 21.202, section 21.254 does not mandate that a suit that is filed and served beyond the 60-day window must be dismissed."). Moreover, when *Garcia* was filed, the final sentence of section 311.034 was not yet in effect. *See Garcia*, 314 S.W.3d at 559; Act of June 15, 2001, 77th Leg., R.S., ch. 1158, § 8, 2001 Tex. Gen. Laws 2374, 2433 (amended 2005) (current version at Tex. Gov't Code Ann. § 311.034).

9

jurisdictional, the court held that section 311.034 did not apply because a post-suit requirement is not a "prerequisite to a suit." 341 S.W.3d 919, 924 (Tex. 2011); *see* Tex. Loc. Gov't Code Ann. § 89.0041 (West 2008). And, although the supreme court concluded that local government code section 89.0041 was nonjurisdictional, even against a government entity, the court reemphasized that jurisdictional analysis focused on legislative intent and noted that

> local government code section 89.0041 [does not] show such intent: that section states that a trial court *may dismiss a case for noncompliance only after the governmental entity has moved for dismissal*. Tex. Loc. Gov't Code § 89.0041(c) ("If a person does not give notice as required by this section, the court in which the suit is pending shall dismiss the suit on a motion for dismissal made by the county or the county official."). The motion requirement means that a case may proceed against those governmental entities that do not seek dismissal—in other words, that a county can waive a party's noncompliance. This confirms that compliance with the notice requirements is not jurisdictional. *See Loutzenhiser*, 140 S.W.3d at 359 ("The failure of a non-jurisdictional requirement mandated by statute may result in the loss of a claim, but that failure must be timely asserted and compliance can be waived.").

*Roccaforte*, 341 S.W.3d at 925–26 (emphasis added). In contrast, section 21.202(b) expressly dictates that if a filing is not timely, the commission "shall dismiss" the claim. Tex. Lab. Code Ann. § 21.202(b). This provision removes any discretion on the part of the commission and mandates automatic dismissal without any action on the part of the employer. *Id.*; *cf. Lueck*, 325 S.W.3d at 764–766 (recognizing the critical role section 21.202 plays in preventing circumvention of the administrative review process).

10

Therefore, we are constrained to conclude that when the employer is a governmental entity, section 21.202's 180-day filing requirement is a mandatory and jurisdictional prerequisite to filing a lawsuit. *See Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485, 486 (Tex. 1991), *overruled on other grounds by USAA*, 307 S.W.3d at 310; *Villanueva*, 331 S.W.3d at 129 n.3; *see also Collins-Pearcy v. Mediterranean Shipping Co. (USA) Inc.*, 698 F. Supp. 2d 730, 742 (S.D. Tex. 2010) (same); *Tex. S. Univ. v. Rodriguez*, No. 14-10-01079-CV, 2011 WL 2150238, at *2 (Tex. App.—Houston [14th Dist.] Jun. 2, 2011, no pet. h.) (mem. op.) (stating that section 21.202 is mandatory and jurisdictional); *Lamar Univ. v. Jordan*, No. 09-10-00292-CV, 2011 WL 550089, at *2 (Tex. App.—Beaumont Feb. 17, 2011, no pet.) (mem. op.) (same); *In re Arcelormittal Vinton, Inc.*, 334 S.W.3d 347, 350 (Tex. App.—El Paso 2011, orig. proceeding) (same); *Lueck*, 325 S.W.3d at 762 (same). And because TCPA could neither waive nor be estopped from asserting its jurisdictional challenge, we sustain TCPA's first issue. *See McCarty*, 165 S.W.3d at 354.

## C. Application to Jurisdictional Facts

In its second issue, TCPA contends that Landsfeld filed his administrative complaint too late, depriving the trial court of jurisdiction. The parties do not dispute the jurisdictional facts, only their legal effect. Whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is a question of law reviewed de novo. *Miranda*, 133 S.W.3d at 226.

As noted above, section 21.202 requires a complaint to be filed "not later than the 180th day after the date the alleged unlawful employment practice occurred." Tex. Lab. Code Ann. § 21.202. Exhaustion of administrative remedies is a prerequisite to a suit, and exhaustion is impossible if the complaint is untimely. *Williams*, 313 S.W.3d at 804; *Lueck*, 325 S.W.3d at 762.

Landsfeld argues that the relevant date was March 31, 2005 (his last day of employment), 179 days before he filed his complaint. TCPA counters that the relevant date was March 1, 2005 (the date Landsfeld was told that if he did not immediately retire, he would be fired), 209 days before Landsfeld filed his complaint.

"The limitations period begins when the employee is informed of the allegedly discriminatory employment decision, not when that decision comes to fruition." *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 493 (Tex. 1996) (stating that the 180-day period began when employee was told she would be fired if medical leave lasted over one year, not when she was actually fired); *see also Villanueva*, 331 S.W.3d at 134 (holding that the 180-day period began when employee was denied pay raise, not at time of paycheck); *Alexander*, 300 S.W.3d at 70 (concluding that the 180-day period began when employees learned that they would not be promoted, not when promotions took effect). Accordingly, we conclude that the 180-day limitations period began on March 1, 2005, when Landsfeld was given the option to retire or be terminated. Because Landsfeld filed his complaint twenty-nine days beyond section 21.202's 180-day

12

filing deadline, and because section 21.202's 180-day filing deadline is mandatory and jurisdictional, the trial court had no jurisdiction to hear Landsfeld's case. We sustain TCPA's second issue.

## IV. Conclusion

Having sustained TCPA's dispositive issues,[4] we vacate the trial court's judgment and dismiss the case.

BOB MCCOY
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MCCOY, JJ.

DAUPHINOT, J. filed a dissenting opinion.

DELIVERED: August 31, 2011

---

[4]Because we conclude that the trial court had no jurisdiction, we need not consider TCPA's evidentiary sufficiency challenge. *See* Tex. R. App. P. 47.1.



# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-10-00271-CV

COMPTROLLER, STATE OF TEXAS                                          APPELLANT

V.

WESLEY LANDSFELD                                                     APPELLEE

------------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

## DISSENTING OPINION

----------

I must respectfully dissent from the majority opinion because I cannot agree with the holding that Landsfeld's claim is barred by the statute of limitations. The majority states that the 180-day statute of limitations began to run on March 1, 2005, the day TCPA Office Manager Jarrell Barnes told Landsfeld that he could retire or be fired on the following day for insubordination and the day that Landsfeld tendered a letter to TCPA stating that he would retire

on March 31, 2005.[1]  If the limitations period did, indeed, begin to run on March 1, then the 180 days for filing notice with the EEOC expired before September 1, 2005, the effective date of the change in law that amended Section 311.034 of the government code to add the sentence, "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."[2]  That is, the limitations period expired *before* September 1, 2005, the effective date of the amendment making statutory prerequisites, like the 180-day notice period, jurisdictional.  Accordingly, under this scenario, the trial court correctly held that TCPA waived the limitations argument.

If, however, as I believe, the Texas Labor Code's 180-day statute of limitations begins to run, at the latest, on the day the last adverse action was taken by the employer, then under the facts of this case, it began to run on the date that Landsfeld actually resigned, March 31, 2005, not March 1, the date on which the employer threatened to fire him and on which he gave notice of his future departure.  On any date between March 1 and March 31, the parties could have resolved their disagreement without involving the courts, a measure that good policy should encourage.  The latest adverse act taken by the employer

---

[1]Majority op. at 2, 12–13.

[2]*See id.* at 6–7; Tex. Lab. Code Ann. § 21.202 (West 2006) Tex. Gov't Code Ann. § 311.034 (West Supp. 2010); Act of May 12, 2005, 79th Leg., R.S., ch. 1150, § 1, 2005 Tex. Gen. Laws 3783, 3783 (amending section 311.034) (current version at Tex. Gov't Code Ann. § 311.034).

was carrying through with the threat to accept Landsfeld's resignation as an alternative to firing him. Had Landsfeld withdrawn his resignation before actually walking away from his employment, and had the employer carried through on its threat to fire him at that point, it would be nonsensical to hold that the limitations period for giving notice began to run on the day that Landsfeld gave notice of his intent to resign. For these reasons, I would hold that Landsfeld timely filed his notice within 180 days of the last adverse action, which was his constructive discharge on March 31, the date the employer carried through on its threat to fire or to allow Landsfeld's resignation.

Because I would uphold the trial court's judgment under either scenario, I respectfully dissent.

LEE ANN DAUPHINOT
JUSTICE

DELIVERED: August 31, 2011

3