In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00229-CV
_____

KURT FLOERSHEIM, Appellant

V.

MOTIVA ENTERPRISES, LLC, Appellee

**On Appeal from the 58th District Court**
**Jefferson County, Texas**
**Trial Cause No. A-189,793**

**MEMORANDUM OPINION**

In this appeal, we consider whether summary judgment was properly granted

in favor of an employer based on the employer's motion for summary judgment,

which asserted that its former employee filed an age-discrimination claim outside

the applicable statutory filing period. *See* Tex. Lab. Code Ann. §§ 21.0015, 21.202

(West 2006) (requiring an employment discrimination claim to be filed with the

Texas Workforce Commission civil rights division "not later than the 180th day

after the date the alleged unlawful employment practice occurred"). We hold the trial court properly granted the employer's motion for summary judgment.

## Background

Kurt Floersheim, formerly employed by Motiva Enterprises, LLC, filed a suit alleging that Motiva had violated the Texas Labor Code by discharging him because of his age. *See* Tex. Lab. Code. Ann. § 21.051 (West 2006) (making it an unlawful employment practice to discharge an individual because of the employee's age). Floersheim's suit asserts that on June 15, 2009, Motiva informed him that he would be terminated on November 30, 2009, as part of an overall reduction of Motiva's workforce. Floersheim's deposition, which was part of Motiva's summary judgment proof, reflects that on June 15, 2009, Floersheim attended a meeting with his supervisor and two other Motiva employees where he was told that he was being laid off, effective November 30, 2009. Floersheim also testified that the day after he learned that he was being laid off, he was told that he could not return to the Motiva refinery where he had worked since 2006. According to Floersheim, after he was sent home, Motiva replaced him the next day with two younger employees. Floersheim remained on Motiva's payroll until November 30.

Motiva challenged the trial court's jurisdiction over Floersheim's claim by filing a traditional and no-evidence motion for summary judgment. *See* Tex. R. Civ. P. 166a(b), 166a(i). Motiva's motion for summary judgment alleges that Floersheim failed to file a timely administrative complaint with the Commission. *See* Tex. Lab. Code Ann. § 21.202(a). According to Motiva's motion, Floersheim should have filed his complaint with the Commission no later than 180 days after June 15, 2009, the date Motiva notified him that he had been included in the group being laid off.[1] Motiva's motion also asserts that there was no evidence that Floersheim had filed a timely administrative complaint and no evidence that any legally recognized excuse existed to extend the statutory 180-day filing period. A copy of the complaint Floersheim filed with the Commission, file marked June 1, 2010, is included in the summary judgment evidence; additionally, Floersheim acknowledged during his deposition that he filed the complaint at issue on June 1, 2010.

On appeal, Floersheim argues that the 180-day filing period did not commence on June 15 when his supervisor told him that his employment was

---

[1]Based on Motiva's argument, Floersheim was required to file his administrative complaint by no later than December 14, 2009. *See* Tex. Gov't Code Ann. § 311.014(b) (West 2005) (extending a period that falls on a Saturday, Sunday, or legal holiday to include the next day that is not a weekend or legal holiday).

being terminated. According to Floersheim, the filing period for his case did not commence until he received Motiva's severance offer and learned that he had been replaced by someone younger. Floersheim contends the date he learned of his official termination was not conclusively established by Motiva's summary judgment proof. Floersheim also argues that the filing period in his case was tolled because he was not able to obtain the information needed to determine the existence of his claim within the 180-day period at issue, despite his diligent efforts to do so.

In its brief, Motiva asserts the 180-day filing period commenced on June 15, when Floersheim learned from his supervisor that he was included in a group of approximately thirty-five employees who would be laid off. Motiva also argues that the date Motiva replaced Floersheim with others is not relevant to the date the 180-day filing period commenced. Finally, Motiva argues that the doctrine of equitable tolling does not apply, but if it does apply, Floersheim cannot rely on that defense because he failed to raise it in his pleadings.

Standard of Review

The standards governing the review of orders that grant summary judgments are well established. "We review a summary judgment de novo." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). The

4

party filing a traditional motion for summary judgment has the burden to show that no genuine issue of material fact exists on at least one element of each of the plaintiff's theories of recovery. Tex. R. Civ. P. 166a(c); *Mann Frankfort*, 289 S.W.3d at 848. In resolving whether the movant met its summary judgment burden, we resolve every reasonable inference in favor of the non-movant and take all evidence favorable to the non-movant as true. *See Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

The standards that apply to no-evidence motions for summary judgment are also settled. To defeat a no-evidence motion challenging one or more elements of the non-movant's theories of recovery, the non-movant must produce summary judgment evidence raising a genuine issue of material fact on each element of recovery that movant's no-evidence motion has challenged. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). The non-movant raises a genuine issue of material fact by producing "more than a scintilla of evidence" establishing the challenged element's existence. *Id*. More than a scintilla of evidence exists when the evidence is such that reasonable and fair-minded people can differ in their conclusions. *Id*. at 601. If "'the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence.'" *Id*.

5

(quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). In determining whether the non-movant has produced more than a scintilla of evidence, we review the evidence in the light most favorable to the non-movant, giving credit to such evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

## Analysis

The failure to file a timely administrative complaint creates a jurisdictional bar to a claimant's age-discrimination case. *See Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 488 (Tex. 1991), *overruled in part on other grounds by In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 310 (Tex. 2010). Therefore, Motiva's motion for summary judgment required the trial court to decide whether it could exercise jurisdiction over Floersheim's age-discrimination claim. The Texas Supreme Court has held that the period within which an employee must file an administrative complaint complaining of discrimination begins when the employee is notified of a discriminatory employment decision. *See Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 493 (Tex. 1996) ("The [180-day] limitations

period begins when the employee is informed of the allegedly discriminatory employment decision, not when that decision comes to fruition.").

In Floersheim's case, the summary judgment evidence reflects that Floersheim was advised he was in a group of employees who were being laid off, although he was provided that information several months before he received his last paycheck. Nevertheless, Motiva's decision to reduce the size of the company's workforce is not unlawful; however, in reducing its workforce, Motiva could not illegally discriminate against employees who were protected from discrimination by section 21.051 of the Texas Labor Code. *See* Tex. Lab. Code Ann. § 21.051.

In the context of a layoff, the alleged discriminatory act is focused on why a certain employee was included in the layoff. *See generally Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 510 (Tex. 2012) (noting that in pay discrimination cases, "the only act taken with a discriminatory motive is the pay-setting decision"). This focus on the discrimination at issue is reflected in Floersheim's complaint, which alleged: "[Motiva]'s selection process for its reduction in force resulted in the three oldest Process Engineers being laid off (ages 50-65). No Process Engineers under the age of 40 were laid off." The discriminatory act identified by Floersheim's complaint concerns the selection process for the layoff.

7

We conclude that the allegedly discriminatory decision at issue in this case was Motiva's decision to include Floersheim in the group to be laid off. Floersheim learned of that decision on June 15. Section 21.202 of the Texas Labor Code required Floersheim to file an administrative complaint complaining of Motiva's decision to lay him off with the Commission within 180 days of the date he learned of Motiva's decision. *See Specialty Retailers*, 933 S.W.2d at 493 (concluding that 180-day period began when employee was told she would be fired if medical leave lasted over one year, not when she was actually fired); *Comptroller v. Landsfeld*, 352 S.W.3d 171, 178 (Tex. App.—Fort Worth 2011, pet. denied) (concluding that 180-day period began when employee was told that if he did not retire, he would be fired, not on the last date the employee worked for the employer).

While Floersheim acknowledges that he was informed on June 15 that he was being laid off, he argues that Motiva's decision to do so was not then official; according to Floersheim, Motiva's decision became official when he was "officially terminated and replaced by someone younger or outside of his protected class." Floersheim cites *Texas A&M University, Corpus Christi v. Vanzante*, 159 S.W.3d 791, 797 (Tex. App.—Corpus Christi 2005, no pet), in support of his

8

argument that a fact issue exists about when he received notice of Motiva's allegedly discriminatory decision.

In *Vanzante*, the dean of a state university's business school told the plaintiff to communicate with the chair of the accounting department about a professorship in the department. *Id.* at 793. The evidence showed that in April, the plaintiff learned from the dean of the business school that he had not been selected for a job in the accounting department. *Id.* Subsequently, in June, the plaintiff received a letter from the chair of the accounting department advising that he had not been selected for a position. *Id.* In *Vanzante*, the court of appeals held that under these circumstances, the trial court did not err in denying the employer's motion to dismiss because "[t]he first unequivocal notice Vanzante received of the University's decision came from [the accounting chair's] letter." *Id.* at 796.

Unlike the facts before the court in *Vanzante*, the evidence was undisputed that Floersheim was told during a meeting with his supervisor that he was being laid off. There was no evidence before the trial court that Floersheim, as a reasonable person, believed that some other Motiva employee was in charge of delivering the news of the layoff to him. In Floersheim's case, the evidence conclusively demonstrated that the filing period for Floersheim's claim commenced on June 15.

Floersheim also argues the trial court's summary judgment is not supported by sufficient evidence because the summary judgment record shows that he did not receive his termination papers on June 15, and the date those documents were received was not conclusively established. However, Floersheim's deposition testimony does not support his claim that he was required to sign any sort of document formalizing Motiva's decision terminating him; instead, his testimony reflects that at some time after the June 15 meeting, he received a severance offer that he refused to sign because he did not want to give up his right to litigate. In age-discrimination cases, the filing period for the claim commences when the employee receives notice of the allegedly discriminatory employment decision, not when that decision comes to fruition. *Specialty Retailers*, 933 S.W.2d at 493.

Floersheim also argues that the 180-day filing period did not commence until he learned that a younger employee had replaced him. In our opinion, the replacement of an employee who is protected from discrimination under section 21.051 of the Texas Labor Code may be evidence that the employer's decision was discriminatory, but the discharge of the employee because of the employee's age, not the decision to hire someone else, is the unlawful employment practice. *See* Tex. Lab. Code Ann. § 21.051. The summary judgment record, which includes Floersheim's deposition, reflects that on June 15 he learned of Motiva's decision to

lay him off. Hiring a younger employee to fill a job is not a prohibited act under section 21.051 of the Texas Labor Code; but, discharging an employee because of the employee's age is a prohibited act. *See id.* In Floersheim's case, the summary judgment proof established that Floersheim learned on June 15 of his impending discharge.

Finally, we address Floersheim's argument that equity is available to toll the date his filing period commenced. However, Motiva's no-evidence motion asserted that no evidence existed to show that Floersheim filed a timely administrative complaint, that no legally recognized excuse existed to excuse that failure, and that no evidence justified extending the filing period in Floersheim's case. Floersheim filed no evidence in his response to Motiva's motion for summary judgment, and in his response, he failed to point the trial court to any evidence in the summary judgment record regarding his claim that Motiva's conduct delayed the start of his filing period.

Rule 166a(i) of the Texas Rules of Civil Procedure creates a burden of production that Floersheim failed to meet. Tex. R. Civ. P. 166a(i) (requiring that the trial court "grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact"). Moreover, Rule 94 of the Texas Rules of Civil Procedure requires that affirmative defenses, like tolling, be

11

pleaded; if not, such affirmative defenses and avoidances are deemed to be waived. Tex. R. Civ. P. 94 (requiring that a party plead matters like estoppel and other avoidances or affirmative defenses); *see also KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 749-50 (Tex. 1999) (requiring that party asserting fraudulent concealment to defend against a claim of limitations has burden to plead defense and to provide sufficient evidence to raise questions of fact); *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988) (requiring that a party plead the discovery rule to avoid a defense of limitations). Floersheim cannot now, for the first time on appeal, raise affirmative defenses that were not raised in the trial court.

Finally, although we expressly do not decide the issue on this record, we note that other courts have refused to rely on equitable doctrines to create subject-matter jurisdiction where it otherwise would not exist. *See Czerwinski v. Univ. of Tex. Health Sci. Ctr. at Houston Sch. of Nursing*, 116 S.W.3d 119, 123 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (holding that equitable estoppel could not be applied to extend 180-day filing requirement in age discrimination case "because the statutory filing requirements are jurisdictional"); *Guevara v. H.E. Butt Grocery Co.*, 82 S.W.3d 550, 552-53 (Tex. App.—San Antonio 2002,

12

pet. denied) (declining to apply the doctrine of equitable tolling to extend section 21.202 of the Labor Code's 180-day filing requirement).

After considering the parties' arguments, we conclude Motiva's traditional motion conclusively established that Floersheim's 180-day filing period commenced on June 15. Further, we conclude that Floersheim failed to demonstrate that a fact issue existed regarding his tolling defense; alternatively, we conclude that Floersheim waived his tolling claim because that claim is not supported by Floersheim's pleadings.

All of Floersheim's issues are overruled, and we hold the trial court properly granted Motiva's motion for summary judgment. The trial court's judgment is affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on December 27, 2012
Opinion Delivered March 28, 2013
Before McKeithen, C.J., Kreger and Horton, JJ.

13